[S. F. No. 14287. In Bank.—November 25, 1931.]

ASSOCIATED OIL COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, Respondent.

Daniel W. Hone and W. F. Kiessig for Appellant.

A. L. Townsend for Respondent.

LANGDON, J.—This is a petition to review an award of the Industrial Accident Commission. On December 30, 1926, the employee, R. H. Tecklenberg, arranged and conducted a hunting party for one of the officers of his employer and certain customers, during which he was accidentally shot in the head. He was taken to a hospital for treatment, and twelve days later his right eye was removed. He was disabled for a period of about six weeks, after which he returned to work. He was paid full wages by petitioner, his employer, while under treatment, but no compensation or medical aid was furnished. On August 25, 1930, over three and one-half years after the injury, he filed an application with the Commission, seeking compensation. Among other defenses, petitioner set up the bar of the statute of limitations.

The statute provides that with certain exceptions, proceedings must be commenced within six months from the date of injury. (Workmen's Compensation Act, sec. 11(b).) Where compensation or medical treatment is furnished by the employer, the period is extended for six months. It is unnecessary to consider whether the payment of the employee's salary, or the furnishing of an artificial eye through a special hospital fund maintained for nonindustrial injuries, can be deemed to toll the statute. Assuming, with the Commission, that it does, the fact still remains

that the application was made long after the expiration of this additional six months' period. The Commission contends, however, that the bar of the statute is further extended for 245 weeks from the date of the injury on the ground that "the original injury has caused *new and further disability*" under section 11 (c) of the act. The theory of the Commission is somewhat obscure, but as nearly as we can determine, its position is that the original injury in this case, though it resulted at once in a *permanent physical impairment or injury*, gave rise at first to but a *temporary disability*, lasting throughout the healing period; that thereafter it appeared that the disability would be *permanent*, and consequently there was a change from one disability (temporary) to another (permanent); and that this permanent disability is a "new and further disability" within the meaning of the statute. It is difficult to comprehend the apparent contention that this change of opinion as to the permanency of disability is contemplated by the act as grounds for nullifying its statute of limitations. But the point is not made here for the first time. It was considered and disapproved by this court in *Cowell Lime & Cement Co.* v. *Industrial Acc. Com.*, 211 Cal. 154 [72 A. L. R 1118, 294 Pac. 703, 706]. We there said: "If petitioner is correct in this statement that Cabral's injury was permanent at the date of its infliction, then the contention that his claim is barred by the statute of limitations must be sustained. For the right to file a claim within two hundred and forty-five weeks is given only in case the injured employee sustains a new and further disability, *and not necessarily for a permanent disability*. It is only when there is a *change in the condition of the original injury* from a temporary to a permanent disability that a 'new and further disability' is established. Therefore, *if the injury is permanent ab initio no such changed condition can ever take place.*" (Italics ours.)

The loss of the sight of his eye, which is the injury for which compensation is sought by the employee, was the original injury, and was complete *ab initio*. The facts of this case come clearly within the language of the above-quoted decision, and such is indeed the concession of the Commission, for it is argued that the view therein expressed

is *dictum* and should not be followed. We are, however, satisfied that the case correctly interprets the act.

The award is annulled.

Preston, J., Curtis, J., Seawell, J., Richards, J., Shenk, J., and Waste, C. J., concurred.

Rehearing denied.