[Civ. No. 9395. Second Appellate District, Division One.—February 10, 1934.]

CITY OF PASADENA (a Municipal Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, and FRED E. SILKA, Respondents.

Harold P. Huls, City Attorney, and Leonard A. Diether, Assistant City Attorney, for Petitioner.

Everett A. Corten for Respondents.

HOUSER, J.—On review of certain proceedings had before the Industrial Accident Commission, in essential particulars it appears that in the course of and arising out of his employment with the City of Pasadena, one Silka sustained certain injuries that disabled him for a period of several months, during which time he was paid compensation. More than one year after Silka was discharged as cured of his said injuries, he filed with the respondent commission his application for adjustment of his claim of compensation against the City of Pasadena. It is conceded that the determinative question of whether the proceeding before the respondent commission was barred by the statute of limitations is dependent upon the principal issue of whether the evidence produced at the hearing was legally sufficient to sustain its finding that "said injury caused new and further disability, . . . "

From the several "reports" made by physicians relative to the original injuries that were sustained by Silka, it appears that they consisted of "cerebral concussion; traumatic injury to back; . . . " Later, and within a period during which he was paid compensation, a bursa on his right knee developed, which bursa was subsequently excised. Thereafter, according to later "reports" by each of several attending or consulting physicians to Silka, his physical and mental condition was declared by one of them as evidencing no "disability relative to that (cerebral concussion) . . . except his subjective complaint of persistent fullness in the head and some loss of memory". Another physician gave it as his opinion that "it might be inconvenient for Mr. Silka to resume any occupation where any kneeling is required, but otherwise I think he is capable of working".

Included within the "report" of a third physician was the statement that "it is my opinion that this man has completely recovered from the effects of his injury, and should be able to carry out his regular work. There is no evidence of any back injury. I believe he is not having the pain and weakness he claims. I believe he has also recovered completely from any cerebral concussion which he may have sustained."

The evidence upon which the finding by the respondent commission that a "new and further disability" resulted to Silka was based may be summarized from the several "reports" of physicians as follows: That Silka complained of "dull headache, constant with a feeling of pressure about the head; mental confusion, stating that it is impossible for him to continue any train of thought; 'tiring' pain in his back following any physical exertion; recurrent pain and stiffness in his right knee, which leads to unsteady walking and a rapid tiring."

In addition thereto, by the "report" of the first of such physicians, it appears that his opinion is that "in reviewing the progress of this man since the date of his injury and from my own observations at the time of this examination, I am of the opinion that this man is permanently partially, if not totally disabled." And the evidence shown by the "report" of the second physician disclosed the conditions and opinion respectively, that "his mental processes seem to be slow and dull, . . . The range of his back motion is limited in all directions, but I believe this is due mostly to his build and age. Straight leg raising could be carried to seventy-five degrees on each side. When forced, he complained that this caused pain in the back of knees. I got the impression of exaggeration in this respect. . . . He has some complaints referred to the right knee, but the objective examination findings in this region are negative, except for the scar due to operation for removal of a bursa. Motion in the right knee is the same as in the left. No crepitus was detected. . . . Unless the opinion of a neurologist holds to the contrary, I feel that this man is partially disabled because of complaints referred to the head . . . "

In the case of *Associated Oil Co.* v. *Industrial Acc. Com.*, 214 Cal. 358 [5 Pac. (2d) 420], in substance the principle of law was announced (syllabus) that "it is only when

there is a change in the condition of the original injury, from a temporary to a permanent disability, that a 'new and further disability' is established . . . " And in *Cowell L. & C. Co.* v. *Industrial Acc. Com.*, 211 Cal. 154 [294 Pac. 703, 72 A. L. R. 1118], it was ruled (syllabus) that "a permanent disability from an injury which follows a temporary disability from said injury is a new and further disability within the provisions of the Workmen's Compensation Act".

Reverting to the evidence adduced on the hearing in the proceeding before the respondent commission, it may be noted that not only immediately following the date when the injuries were sustained by Silka, but as well at the time when he was discharged as cured, his injuries were regarded as of a temporary nature only; but that after a period of more than one year had elapsed following such discharge of the patient, the opinion of one physician relative to the mental and physical condition of Silka was "that this man is permanently partially, if not totally, disabled". And that the qualified opinion of another physician was "that the man is partially disabled". Although no direct evidence was submitted regarding the question of whether the changed condition in the patient was attributable to his original injuries, the theory on which the hearing was conducted, as well as all deductions and inferences suggested by the interested parties to the proceeding, were to that effect.

Relative to the governing principle, as announced in the case of *Associated Oil Co.* v. *Industrial Acc. Com.*, 214 Cal. 358 [5 Pac. (2d) 420, 421], to which reference hereinbefore has been had, to the effect that a "new and further disability" is established where it appears that the condition of the patient has changed from that of a temporary ailment to one that is permanent in its nature, it would seem that the evidence to which attention hereinbefore has been directed was legally sufficient to support the conclusion of which complaint is here made.

It is ordered that the award made by the respondent commission and which is the subject of the present inquiry be and it is affirmed.

Conrey, P. J., and York, J., concurred.