[Civ. No. 8912.  Second Appellate District, Division One.—March 20, 1934.]

STANDARD OIL COMPANY OF CALIFORNIA (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and G. W. WINNES, Respondents.

Lawler & Degnan for Petitioner.

Arthur I. Townsend for Respondents.

YORK, J.—One G. W. Winnes, who was employed by petitioner as a well-puller, was injured September 23, 1928.

He was riding on a truck which was approaching one of petitioner's oil rigs; the front wheels of the truck struck a rut, causing it to "shimmy", whereupon the driver suddenly swerved the truck and applied the brakes, causing Winnes (hereafter referred to as applicant) to fall off the truck and to strike his head on a "walking beam" or timber. Upon examination of his injuries, applicant was found to have sustained a fractured skull, a fractured right shoulder, fractured metatarsal bone of the left foot, and injuries to the left ear and the right eye. On March 11, 1929, he returned to work and performed "light duty" until the end of that year, when he was returned to "regular duty" but not in the capacity of well-puller. He continued working until June 22, 1931, when his employment was terminated because of a reduction in the force. The petitioner voluntarily paid compensation to the applicant to and including March 8, 1929, in the sum of $598.01, and on July 15, 1931, applicant filed his petition for adjustment of claim before the Industrial Accident Commission. Upon hearing before the commission it was found under date of October 29, 1931, as follows:

"2. Said injury caused temporary total disability continuing from September 13, 1928, to and including March 10, 1929, for which compensation as disability indemnity has been paid in the sum of $598.01 to and including March 8, 1929, by defendant to applicant herein, and the evidence does not establish that said injury has caused any compensable new and further disability up to this time, and said application is barred by the lapse of time under the Statute of Limitations applicable thereto as to any further compensation at this time, but jurisdiction is retained by this Commission to determine whether said injury causes any new and further disability within 245 weeks from the date of said injury upon Petition to Re-open being filed herein within sufficient time for such a re-determining to be made by this Commission within said jurisdictional period of 245 weeks.

"Award. Now, Therefore, it is ordered that applicant herein take nothing from defendant herein at this time."

On September 1, 1932, applicant filed his petition to reopen pursuant to section 20 (d) of the Workmen's Compensation Act, and as allowed under the award of October 29, 1931. Upon another hearing being had, the commission

made its "Order amending Findings and Award for a Rating" on October 31, 1932, as follows: "It is hereby ordered that Findings and Award dated October 29, 1931, be and they are hereby amended as follows:

"Finding No. 2 in said Findings and Award is amended to read as follows:

"2. The injury herein has caused permanent disability consisting of post traumatic head symptoms of vertigo, headaches, irritability, emotionalism, et cetera; deafness in left ear; weakness of left arm and shoulders; impairment of grasping power of left hand; tinnitus over right side of skull. The percentage of said disability is 45½, entitling the employee to $20.83 a week for 182 weeks beginning with September 21, 1928, and amounting to $3,791.06, payable forthwith. Said weekly benefit is based upon a maximum average earnings fixed by law as a basis for computing compensation at the time of said injury. Defendant is entitled to credit of $598.01, heretofore paid as temporary disability indemnity against said permanent disability indemnity on account of said injury." . . .

"The Award in said Findings and Award is amended to read as follows:

" 'Award

" 'Award Is Hereby Made in favor of George Wilbur Winnes, applicant, against Standard Oil Company of California, a corporation, defendant, in the sum of $3791.06 payable forthwith, less $598.01 heretofore paid thereon . . . ' "

The Industrial Accident Commission under date of December 12, 1932, denied petition for rehearing in the matter, and the Standard Oil Company of California now seeks through writ of review in this court annulment of the award of October 31, 1932.

Petitioner complains that the respondent commission acted without and in excess of its powers in making an award upon claims not only barred by the period of limitations, but which had previously been heard and finally determined by it; also that the order of October 31, 1932, was unreasonable because of failure of evidence to establish the existence of new and further disability and that the findings do not support the order; also that the Workmen's Compensation, Insurance and Safety Act, as applied herein, violates the

fourteenth amendment to the Constitution of the United States.

The main contention, therefore, is that jurisdiction of the commission to make the award of October 31, 1932, is dependent upon proof of new and further disability accruing subsequent to the first order made on October 29, 1931; and that there is no evidence sufficient to prove such new and further disability. Also, that the commission's findings do not include any finding of new and further disability.

It appears from the record that the applicant's right to compensation for temporary total disability was barred six months from March 8, 1929, or on September 8, 1929, and therefore his application filed July 5, 1931, was too late in so far as temporary total disability is concerned. It was incumbent upon the commission at the hearing of August 10, 1931, to discover whether or not the applicant had new and further disability within the meaning of section 11 (c) of the Workmen's Compensation Act, which provides as follows: "The payment of compensation, or any part thereof, or agreement therefor, shall have the effect of extending the period within which proceedings for its collection may be commenced, six months from the date of the agreement or last payment of such compensation, or any part thereof, or the expiration of the period covered by any such payment, *provided, however,* that nothing contained in this section shall be construed to bar the right of any injured employee to institute proceedings for the collection of compensation within two hundred forty-five weeks after the date of the injury upon the grounds that the original injury has caused a new and further disability; and the jurisdiction of the commission, in such cases, shall be a continuing jurisdiction at all times within such period." (Stats. 1917, p. 831.)

Quoting from the case of *City of Pasadena* v. *Industrial Acc. Com. and Fred Silka,* 136 Cal. App. 649 [29 Pac. (2d) 447, 448]: "In the case of *Associated Oil Co.* v. *Industrial Acc. Com.,* 214 Cal. 358 [5 Pac. (2d) 420], in substance the principle of law was announced (syllabus) that 'it is only when there is a change in the condition of the original injury, from a temporary to a permanent disability, that a "new and further disability" is established. . . . ' And in *Cowell L. & C. Co.* v. *Industrial Acc. Com.,* 211 Cal. 154 [194 Pac. 703, 72 A. L. R. 1118], it was ruled (syllabus)

that 'a permanent disability from an injury which follows a temporary disability from said injury is a new and further disability within the provisions of the Workmen's Compensation Act'."

The record here contains reports of various physicians who examined the applicant during the months of July, September and October of the year 1932, and we here set out excerpts therefrom to show that there was sufficient evidence adduced to establish permanent disability of the applicant.

"The patient complains of severe headache, severe vertigo occurring at regular periods and of varying intensity, has disturbance of vision, general malaise and weakness, forces himself to do any type of work occasionally, lameness in the left foot and leg, gradual loss of power in the left arm and forearm, extreme sensitiveness to heat, pain over the frontal and right temporal regions, this latter almost constant. Impaired hearing in left ear, difficulty in mastication, frequent attacks of toothache, much distress and worry about his physical condition and inability to get well. . . . For the present claimant is totally unfitted for his usual occupation and some of the above symptoms would indicate that pressure being exerted on some centers by the fracture repair in the skull."

From another report the following is taken: "1) I think it extremely unlikely, because of the existence of this deafness for 5 years, that any further recovery in hearing will take place. (The quoted 5 years is in error—4 years is correct.)

"2) I further believe that Mr. Winnes has suffered permanent brain damage which is sufficient to cause the symptoms of which he complains. It does not seem likely that he is able at the present time to fully carry out the arduous duties he had performed prior to the accident. I do think however that he is, and will be able to carry out light tasks not involving exposure to extremes of heat or physical fatigue.

"1) I believe the deafness is permanent.

"2) It is impossible to say how long the remainder of symptoms due to skull and brain injury will persist, but there is a strong likelihood that a certain degree of this disability will be permanent."

From another report: "The evidence in the case shows that he has not been improving recently, but is stationary or regressing slightly. In such cases the damage which the brain suffers disappears to a certain point, which is usually reached in about twelve to eighteen months. Since the accident occurred four years ago, I do not expect any further improvement, and I think that the patient is permanently disabled for the occupation in which he was engaged when injured. He is able to do work of a less strenuous nature if it can be provided for him, but he is emotionally inadequate to meet the exigencies of life such as is necessary in competition with normal men. His mental state is not that of an ordinary psychoneurotic who has been injured. He feels no resentment and has no complaints but merely wishes to get himself rehabilitated."

From another report, we quote: "In September, 1929, he became ill from the odor of an oil tank and remained at home for one week. He was engaged in general lease work occasionally helping out in his old position as well-puller. On June 21st, 1931, he was discharged and has not worked since.

"Ever since his injury he has had headaches which are deep seated, of a bursting, aching, throbbing character; occurring in attacks lasting several hours to a week and at a frequency of two to three times a week. These pains are extremely severe and are exaggerated by movement, excitement, nervousness, worry, rapid head movements, stooping and riding in elevators. They are situated in the right frontal region, radiating to the right occipital region, occasionally moving across his eyes. Associated with these headaches he has dizziness. This dizziness never occurred alone. It is an actual rotation, things go black before his eyes, he feels unsteady, sways from side to side, but has never fallen."

Another report states: "It is clear from the history and X-ray findings that this patient suffered a fracture of the skull with a severe concussion at the time of the injury. At the present time the only objective finding is a deafness in the left ear. The patient has numerous subjective complaints including an area of hyperasthesia over the right side of the skull. I believe his present condition is due to a post concussional syndrone and considering the length of

time since the accident, I believe the outlook for complete recovery is poor. . . . Taking into consideration the severity of the injury and the length of time that has elapsed I believe there will be some permanent disability.''

In cases of this type, it would be extremely difficult to ascertain within a few months of the injury whether the disability was merely temporary, or of a permanent nature, hence the propriety of the provisions of section 11 (c) of the Workmen's Compensation Act giving to the commission a continuing jurisdiction for a period of 245 weeks within which time the injured employee may show that his injuries have caused a permanent disability. The record shows that the employee here was required to attend several hearings and examinations made by physicians in order to ascertain his condition, and that these took place during the hot weather. It is also shown that the heat to which he was thus exposed greatly aggravated his condition. With this in mind—that he had to travel in the heat after his original injury and after the original hearing before the commission, and that this exposure to the heat may very well have caused a relapse or further injury to the applicant,—this court does not feel disposed to disturb the finding of the commission.

As to petitioner's claim that the Workmen's Compensation Act is unconstitutional, we believe the case of *Western Indemnity Co.* v. *Pillsbury*, 170 Cal. 686 [151 Pac. 398], cited by respondent, answers such claim in the negative.

The award is affirmed.

Houser, J., concurred.

Conrey, P. J., dissented.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 13, 1934.