[Civ. No. 10776. Second Appellate District, Division Two.—March 18, 1936.]

PACIFIC EMPLOYERS INSURANCE COMPANY (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and JIM DUDOV, Respondents.

F. Britton McConnell for Petitioners.

Everett A. Corten and Hiram T. Kellogg for Respondents.

WOOD, J.—Petitioners seek to annul an award of the Industrial Accident Commission. Jim Dudov was employed by Rohl-Connolly Company as a miner at Avalon, California, and on November 3, 1934, sustained an injury arising out of and occurring in the course of his employment. The injury caused total temporary disability commencing November 6, 1934, and ending November 23, 1934, at which time Dudov returned to work and worked continuously until January 10, 1935. Since then he has been unable to work. During the period between November 6, 1934, and November 23, 1934, the insurance carrier furnished medical treatment and paid Dudov the sum of $24.26 as compensation for disability dur-

ing that period. Dudov filed his claim for adjustment with the commission on June 10, 1935. The commission filed its findings on November 6, 1935, in which it found: "Said injury caused temporary total disability continuing from November 6, 1934, to and including November 23, 1934, and from January 10, 1935, to and including October 16, 1935, and indefinitely thereafter." The commission awarded the sum of $15.44 weekly beginning November 14, 1934, and ending November 23, 1934, and rebeginning January 11, 1935, and continuing through October 16, 1935, and indefinitely thereafter until the termination of disability or the further order of the commission.

▮ Petitioners contend that the commission was without authority to make the award, since the application was filed more than six months after the injury and the date of the payment of compensation or the furnishing of medical treatment. Respondents contend that there is a "new and further disability" and that the jurisdiction of the commission continues for a period of 245 weeks in accordance with section 11 (c) of the Workmen's Compensation Act.

The question involved has been considered by the courts in a number of instances. In the case of *Standard Oil Co.* v. *Industrial Acc. Com.*, 137 Cal. App. 455 [31 Pac. (2d) 457], the authorities are reviewed and decision is made contrary to the contention of respondents. The facts of that case are parallel with the facts in the case now before us. The court said: "It appears from the record that the applicant's right to compensation for temporary total disability was barred six months from March 8, 1929, or on September 8, 1929, and therefore his application filed July 5, 1931, was too late in so far as temporary total disability is concerned. . . . In cases of this type, it would be extremely difficult to ascertain within a few months of the injury whether the disability was merely temporary, or of a permanent nature, hence the propriety of the provisions of section 11 (c) of the Workmen's Compensation Act giving to the commission a continuing jurisdiction for a period of 245 weeks within which time the injured employee may show that his injuries have caused a permanent disability." The commission has made no finding that the injury of Dudov is permanent. In accordance with the decision in the case from which quotation has just

bęen made we must conclude that the award should be annulled.

The commission made no finding that Dudov's "original injury has caused a new and further disability". The award should therefore be annulled. (*Standard Oil Co.* v. *Industrial Acc. Com.*, 137 Cal. App. 455 [31 Pac. (2d) 457].) The award is annulled and the proceeding is remanded to the Industrial Accident Commission without prejudice to further proceedings.

Crail, P. J., and Gould, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 15, 1936.