[Civ. No. 2697.   Second Appellate District.—June 12, 1918.]

FRANK I. KAUFFMAN, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

WORKMEN'S COMPENSATION ACT — PROCEEDINGS FOR COMPENSATION FOR "FURTHER DISABILITY"—TIME LIMITATION.—Under section 16, subdivision c, of the Workmen's Compensation, Insurance and Safety Act, relating to the right to institute proceedings for the collection of compensation for "further disability," the additional disability may reasonably be defined as referring to any disability in addition to that for which proceedings were commenced within six months from the date of the injury, or that for which disability indemnity has been paid or agreed to be paid, and if there have been no proceedings commenced within six months from the date of the injury, and if there has been no payment of disability indemnity or agreement therefor, the employee is not entitled to institute proceedings grounded upon "further disability" after the expiration of six months from the date of the injury.

APPLICATION for an order setting aside an order of the District Court of Appeal for the Second Appellate District

denying an application for a Writ of Review to annul an order of the Industrial Accident Commission.

The facts are stated in the opinion of the court.

Alfred Siemon, for Petitioner.

R. P. Wisecarver, for Respondents Federal Drilling Company et al.

THE COURT.—Petitioner has applied to this court for an order setting aside the order by which the court denied his application for a writ of review.

On December 6, 1917, petitioner filed with the Industrial Accident Commission an application for adjustment of his claim against Federal Drilling Company, a corporation, and London & Lancashire Indemnity Company of America (a corporation), by which he sought to obtain compensation for disability resulting from an injury received by petitioner on the tenth day of March, 1916, while in the employ of Federal Drilling Company. No application had been filed by petitioner within six months from the date of the injury; but he claimed, and now claims, that at the time of filing his application he was still entitled to make an original application for "further disability" caused by and suffered from the original injury, upon the ground that such original injury had in fact caused further disability within the meaning of the provisions of the statute to which we shall refer.

Section 16 of the Workmen's Compensation, Insurance and Safety Act, approved May 26, 1913, (Stats. 1913, p. 287), as amended in 1915, (Stats 1915, p. 1085), so far as applicable to this proceeding, reads as follows:

"(a) Unless compensation is paid or an agreement for its payment made within the time limited in this section for the institution of proceedings for its collection, the right to institute such proceedings shall be wholly barred.

"(b) The periods within which proceedings for the collection of compensation may be commenced are as follows:

"(1) Proceedings for the collection of the benefit provided by subsection (a) of section fifteen or for the collection of the disability indemnity provided by subsection (b) of said section fifteen must be commenced within six months from the

date of the injury, except as otherwise provided in this act. . . . (c) The payment of the disability indemnity . . . or any part thereof, or agreement therefor, shall have the effect of extending the period within which proceedings for its collection may be commenced, six months from the date of the agreement or last payment of such disability indemnity . . . or any part thereof; *provided, however,* that nothing contained in this section shall be construed to bar the right of any injured employee to institute proceedings for the collection of compensation within two hundred and forty-five weeks after the date of the injury, upon the grounds that the original injury has caused further disability; and the jurisdiction of the commission, in such cases, shall be a continuing jurisdiction at all times within such period."

By the findings of fact of the Industrial Accident Commission, set forth in its order as amended by the commission upon rehearing, it appears that the applicant sustained his injury on March 10, 1916, the injury consisting in his left eyeball being penetrated by a minute piece of steel. At that time, and for some time thereafter, the injury appeared to be very slight, and it was not known until the following September that there was any foreign substance in said eye. The piece of steel was removed in September, 1916. The disability increased gradually from that time until about the time of the filing of the application for adjustment of claim on December 6, 1917. Within the six months immediately preceding the filing of the application there was no substantial change in the applicant's condition, nor in the character of his disability, except that the vision continued to decrease slowly and gradually as before. Upon the facts the commission held that the claim was barred by the period of limitations contained in the statute as above set forth.

The question here presented depends upon the meaning of the words "further disability" in the proviso contained in subdivision (c) of section 16. What is the additional disability intended by the use of the words "further disability"? The answer must be found in the preceding portions of section 16. We there find that within six months from the date of the injury the employee may commence proceedings before the commission for the collection of a disability indemnity. Or there may be payment of the disability indemnity, or some part thereof, or agreement therefor; and if there be such pay-

ment or agreement, the period within which proceedings for its collection may be commenced is extended for a period of six months from the date of the agreement or last payment of such disability indemnity, or any part thereof. Taking into consideration these provisions of the statute, together with the proviso concerning the right to institute proceedings for the collection of compensation for "further disability," it seems clear that this additional disability may reasonably be defined as referring to any disability in addition to that for which proceedings were commenced within six months from the date of the injury, or that for which disability indemnity has been paid or agreed to be paid. If there have been no proceedings commenced within six months from the date of the injury, and if there has been no payment of disability indemnity or agreement therefor, the employee is not entitled to institute proceedings grounded upon "further disability" after the expiration of six months from the date of the injury.

Following our usual custom in cases where the application for an original writ is denied, we made our former order without filing any written opinion. In this case, however, the applicant in his petition for rehearing has urgently requested a written statement of the grounds of decision; and this opinion is our answer to that request.

The application for a rehearing is denied.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 15, 1918.