[Civ. No. 10266.   Second Appellate District, Division One.—August 31, 1935.]

AMERICAN MOTORISTS INSURANCE COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA and CHARLES STEVENS, Respondents.

George Archie Jackson for Petitioner.

Everett A. Corten for Respondents.

HOUSER, J.—In this proceeding the petitioner seeks to have reviewed by this court an order made by the respondent Commission by which an employee of Mascot Pictures Corporation was awarded compensation as for an injury sustained by such employee in the course of and arising out of his said employment.

The essential facts herein appear to be that on September 24, 1932, in the course of his employment and caused by reason of the fact that he was obliged to and did perform his labor during a rainstorm from which he was unprotected, the employee contracted a severe cold which developed into

bronchial pneumonia, and on which said date he was placed in a hospital for care and treatment. For a period of eight days, or from September 24th to October 2d, the employee remained in the hospital, but on October 3d he returned to his work, and thereafter for a period of three days next thereafter apparently performed the duties attached to his employment;—at the expiration of which time he suffered a "relapse" and "began to feel ill again and his voice became so hoarse he could not talk". With reference to his then condition, the report of the attending physician shows that the employee appeared "to be convalescing from respiratory infection . . . complicated by laryngitis". Following his "relapse" the employee was under the care of a physician from October 6th to October 16th, or, "for a period of two weeks"; —at the expiration of which time apparently he had been restored to normal health and activity.

No compensation, or benefits of any kind, for his "injury" were ever paid or agreed to be paid by his employer, or by its insurer, to the employee, or to anyone for him. Not until November 8, 1934, which was more than two years after the employee first became ill while engaged in his said employment, was any "application for adjustment" of his claim for compensation presented or made by the employee, or by any one in his behalf, to the respondent Commission. Following a hearing by the latter of the said application, the respondent Commission made its award to the employee based primarily upon findings that:

"Said injury caused temporary total disability from September 24, 1932, to and including October 2, 1932; and from October 6, 1932, to and including October 16, 1932, entitling the employee to disability indemnity for the period between October 6, 1932, to and including October 16, 1932, . . .

"The claim for disability indemnity between September 24, 1932, and October 6, 1932, is barred by the period of limitations prescribed by said Act. . . . "

One of the points upon which petitioner relies for an annulment of the award is that at the time the claim was filed for adjustment with the respondent Commission it was barred by the various provisions of section 11 of the Workmen's Compensation Act. In response thereto the respondent Commission urges that the "relapse" of the employee constituted a "new and further disability" for and on account of which,

in accordance with the provisions of section 11 (2) (c) of the act, the employee was privileged to institute a proceeding for the consideration of his claim by the respondent Commission at any time prior to the expiration of 245 weeks from or "after the date of the injury";—which period had not elapsed at the time when the "application for adjustment" was filed by said employee.

It well may be doubted that in consideration of the facts herein the "relapse" that was suffered by the employee constituted a "new and further disability" within the intent and meaning of the statutory provision to which reference hereinbefore has been had. However, it is unnecessary that that precise point be herein determined.

In the case of *Kauffman* v. *Industrial Acc. Com.*, 37 Cal. App. 500 [174 Pac. 690], where the essential facts were similar to those which appear to have been present herein, it was ruled that "if there have been no proceedings commenced within six months from the date of the injury, and if there has been no payment of disability indemnity or agreement therefor, the employee is not entitled to institute proceedings grounded upon 'further disability' after the expiration of six months from the date of the injury".

And in the case of *Cowell L. & C. Co.* v. *Industrial Acc. Com.*, 211 Cal. 154, 160 [294 Pac. 703, 72 A. L. R. 1118], in commenting upon the point under consideration, the same thought was impliedly expressed in the following language:

"It is conceded by petitioner that in case an injured employee files within six months from the date of the injury an application for compensation for temporary disability and the same is granted by the Commission, said employee may in case his disability becomes permanent, at any time within 245 weeks after the date of his original injury, present and file with the Commission his application for further compensation on the grounds that the original injury has caused a new and further disability. *This was undoubtedly the clear and unambiguous intent of said section 11 (c) of the Workmen's Compensation Act.*"

Considering the facts hereinbefore set forth, particularly that more than two years had elapsed between the date when the "injury" was sustained and the date when the application for "adjustment of claim" was filed; that theretofore no compensation, or fees for medical services, or benefits of

any kind, had been paid, or agreed to be paid, either by the employer or by its insurer; and that no other fact was shown to have existed that might have had the effect of tolling the statute with reference to the time following an injury within which a claim for compensation legally might have been filed with the respondent Commission;—this court is of the opinion that, in accordance with the provisions of section 11 of the Workmen's Compensation Act, the claim of the employee herein was barred.

The award is annulled.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 25, 1935, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 28, 1935.