[Civ. No. 16283. Second Dist., Div. One. May 17, 1948.]

PACIFIC INDEMNITY COMPANY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and BLANCHE G. WIMMER, Respondents.

Herlihy & Herlihy for Petitioner.

T. Groezinger and John A. Rowe, Jr., for Respondents.

WHITE, J.—Petitioner herein was the workmen's compensation insurance carrier for Northrop Aircraft, Incorporated, employer of respondent Blanche G. Wimmer at the time that she sustained an injury arising out of and in the course of her employment. The employee's injury was incurred in July, 1943. In May of 1944, she filed an application for adjustment of claim, alleging that her injury was sustained in the following manner: "Moving office furniture, desks and chairs. Fell off, knocking into jig as they hit me, resulting in right arm lacerations, and sprains in lower part of back and hip." In December, 1944, the commission issued its findings and award, finding that she sustained an injury arising out of and in the course of her employment, but that her claim was barred by the six months' statute of limitations (Lab. Code, § 5405(a)). Applicant's petition for rehearing being denied by the commission, she sought a writ of review in this court, which writ was denied without opinion in May, 1945.

On April 11, 1946, the applicant filed another application for adjustment of claim with the commission, alleging that the nature of the claim was "determination of whether the original injury had caused new and further disability." On September 17, 1947, the commission issued its "Order Granting Petition to Reopen and Decision on Petition to Reopen," and

therein found that while the claim for temporary disability was barred by the statute of limitations, the claim for permanent disability, being a claim for a new and further disability, was not so barred, and awarded the applicant $1,825 on the basis of a permanent disability of 18¼ per cent. It is this award which petitioner seeks by the present proceeding to have annulled.

At the time she sustained her injury the applicant did not receive medical treatment from a doctor, but reported to the employer's hospital and received first-aid treatment from a nurse for her injured arm. She received no treatment for her bruised thigh or hip, and was never paid any disability indemnity. After her injury in July applicant continued to work until September, and thereafter worked intermittently until some time in January, 1944. She was not examined by any physician on behalf of the employer or the insurance carrier until November 3, 1944, after her original application had been filed.

Upon the filing of applicant's second application for adjustment of claim, based on "new and further disability," the commission reopened the proceedings and found that the original injury had resulted in a permanent disability, for which compensation was awarded, although any claim for temporary disability was barred by the six months' statute of limitations. Upon petition for rehearing the insurance carrier contended that because her original application was filed more than six months from the date of injury and no compensation benefits, either by way of disability indemnity or medical treatment, were furnished, her claim for *any* disability indemnity, whether for original temporary, new and further temporary, or permanent disability, was barred; and further, that, regardless of whether the first-aid treatment given at the time of injury by a nurse constituted "medical treatment" and therefore a compensation payment or benefit under section 5405 of the Labor Code, the commission by its original decision and the District Court of Appeal by denying review determined that no "medical treatment" had been furnished. That no "medical treatment" had been furnished is now the law of the case; that therefore the applicant had never received any "benefits" under the Workmen's Compensation Act; and that in the absence of the furnishing of such "benefits," whether pursuant to an award or voluntarily, the applicant may not, after her claim based on the original injury has been barred by the six months' statute of limita-

tions, recover compensation based on a "new and further disability" under that section of the Labor Code (§ 5410) which authorizes an award for "new and further disability" at any time within 245 weeks of the date of the original injury.

Section 5405 of the Labor Code, so far as here pertinent, and as it read when the proceedings here in question took place and prior to its amendment in 1947, provided:

"The periods within which may be commenced proceedings for the collection of medical, disability or other benefits provided by either . . . are, except as otherwise provided in this division, as follows:

(a)

"Six months from the date of injury, or from the date of the last payment of any compensation, or agreement therefor, or the expiration of any period covered by such payment.

" . . . ."

Section 5410 of the Labor Code, in effect at all times herein pertinent, provides:

"*Nothing in this chapter* [ch. 2, div. 4, pt. 4] shall bar the right of any injured employee to institute proceedings for the collection of compensation within 245 weeks of the date of the injury upon the ground that the original injury has caused new and further disability. The jurisdiction of the commission in such cases shall be a continuing jurisdiction at all times within such period. This section does not extend the limitation provided in section 5407." (Emphasis added.)

Petitioner's position is that for an employee to recover for a new and further disability within 245 weeks of the injury, it is necessary that her claim therefor be filed within six months of the injury, or the last furnishing of medical treatment or compensation, or that the claim have been recognized by the furnishing of compensation benefits. Petitioner relies in this respect upon *Kauffman* v. *Industrial Acc. Com.*, 37 Cal. App. 500 [174 P. 690], *Cowell Lime & Cement Co.* v. *Industrial Acc. Com.*, 211 Cal. 154 [294 P. 703, 72 A.L.R. 1118], and *American Motorists Ins. Co.* v. *Industrial Acc. Com.*, 9 Cal. App.2d 66 [48 P.2d 721]. It was held in the last-cited case, following the views indicated in the first two cited cases, that where more than two years after an injury the employee filed an application for adjustment of claim, following a "relapse" arising from the original injury, and no compensation, medical service or other benefits had been provided, the employee could

not recover upon the theory of a "new and further disability."
The court quoted from the first two cited cases as follows:

"In the case of *Kauffman* v. *Industrial Acc. Com.*, 37 Cal.
App. 500 [174 P. 690], where the essential facts were similar
to those which appear to have been present herein, it was
ruled that 'if there have been no proceedings commenced
within six months from the date of the injury, and if there
has been no payment of disability indemnity or agreement
therefor, the employee is not entitled to institute proceedings
grounded upon "further disability" after the expiration of
six months from the date of the injury.'

"And in the case of *Cowell L. & C. Co.* v. *Industrial Acc.
Com.*, 211 Cal. 154 [294 P. 703, 72 A.L.R. 1118], in comment-
ing upon the point under consideration, the same thought was
impliedly expressed in the following language:

" 'It is conceded by petitioner that in case an injured em-
ployee files within six months from the date of the injury an
application for compensation for temporary disability and the
same is granted by the Commission, said employee may in case
his disability becomes permanent, at any time within 245
weeks after the date of his original injury, present and file
with the Commission his application for further compensation
on the grounds that the original injury has caused a new and
further disability. *This was undoubtedly the clear and un-
ambiguous intent of said section 11 (c) of the Workmen's
Compensation Act.*' "

It may be noted that so far as we are here concerned, sec-
tion 11 of the Workmen's Compensation Act, prior to its in-
corporation as chapter 2, division 4, part 4, of the Labor Code,
contained substantially the same provisions as those here under
consideration.

In *Kauffman* v. *Industrial Acc. Com.*, *supra,* it was ex-
pressly held that "If there have been no proceedings com-
menced within six months from the date of the injury, and
if there has been no payment of disability indemnity or agree-
ment therefor, the employee is not entitled to institute proceed-
ings grounded upon 'further disability' after the expiration
of six months from the date of the injury."

The foregoing authorities hold, in effect, that before an em-
ployee can institute proceedings to recover for a new and
further disability arising from the original injury, such em-
ployee must have been furnished benefits under the Work-
men's Compensation Act, either voluntarily by the employer
or pursuant to an award of the commission. Were it otherwise,

an employee who had never reported his injury and never received any benefits, could invoke the jurisdiction of the commission upon the grounds of "new and further disability" after the lapse of more than four years from the date of the original injury.

We come now to the question of whether the administration of "first-aid" by a nurse in a hospital maintained on the employer's premises immediately following the original injury or trauma, constitutes such a "benefit" or "compensation" under the Workmen's Compensation Act, or recognition of the claim by the employer, as is necessary as a prerequisite to the prosecution of a claim by the employee for "new and further disability" at any time within 245 weeks of the date of the original injury. In connection with the employee's petition for rehearing following the denial of her initial claim, the referee for the commission stated in his report: "Applicant was given first-aid treatment but apparently no medical treatment." When thereafter, the employee sought a writ of review in this court, the commission in its answer to her petition stated: "As there was no estoppel, no payment of compensation, no medical treatment furnished, and no filing of claim for the original injury within six months, the applicant's claim was barred." Petitioner, as heretofore stated, contends that by virtue of the commission's finding that the applicant's claim was barred and the denial by this court of a writ of review, the fact that no "medical" treatment was furnished is now the law of the case. It follows, urges petitioner, that since no timely application was filed based on the original injury and no benefits or compensation were received by the employee, she may not now recover for a new and further disability under section 5410.

We cannot agree with petitioner that the commission's finding that the claim was barred constituted an implied finding that no "medical" treatment was furnished. Such treatment as the employee received was furnished on the same day that the original injury or trauma occurred, and therefore could not affect the running of the six months' limitation prescribed in section 5405. The true question here presented, is, as above set forth, whether the first-aid treatment constituted such a compensation or benefit as to furnish a foundation for the commission's "continuing jurisdiction" for a period of 245 weeks to make an award for a new and further disability. The fact that the referee in his report or

the commission in its pleadings before this court asserted that no "medical treatment" was furnished is not determinative, since a decision that the employee's original claim was barred by the six months' limitation period was inevitable, whether "medical" treatment was or was not furnished on the same day that the injury occurred.

We must therefore determine whether first-aid to an injured employee, rendered by a nurse provided by the employer, in a hospital established by the employer, constitutes such a rendition of benefits as will bring into being the commission's 245-week "continuing jurisdiction" to make an award for a "new and further disability." The commission itself originally took the view that such first-aid did not constitute "medical treatment," and that consequently the employee's original claim was barred.

Bearing in mind the provisions of section 3202 of the Labor Code, which impose upon the courts the duty of liberally construing the provisions of division 4 and division 5 of said code "with the purpose of extending their benefits for the protection of persons injured in the course of their employment," it is at once apparent that where provisions of the Labor Code are susceptible of an interpretation either beneficial or detrimental to an injured employee, such provisions should be construed favorably to the employee. We are persuaded that it would be a narrow and limited construction, in violation of the mandate of section 3202 of the Labor Code, to hold that where immediately following the accident the employee was given first-aid treatment by a nurse at the employer's plant, that such first-aid treatment was not "medical treatment" and therefore a workmen's compensation benefit within the purview of the workmen's compensation laws. The commission was warranted in inferring and assuming that the employer maintained a record of such employees as applied to the nurse for treatment and that such application was made following an industrial accident. Such being the case, the commission was further warranted in assuming that the employer had notice that the employee in question had suffered an injury in the course of her employment. It is not the extent or seriousness of the injury that is important. It is whether the employee was given "medical treatment" and the employer thereby advised of the fact that such employee suffered injury in the course of his or her employment. To hold that first-aid cannot be characterized as "medical treatment" unless the same is administered by a doctor would in-

deed be a strained construction of a law that is designed to the end that its beneficial features shall not be lost to employees. We are impressed that the fact that the nurse who administered first-aid was a "fellow employee" is not determinative of the question. A doctor might, in some instances, also be so characterized, and in any event, the nurse was not employed in an industrial pursuit, but her services were retained to administer aid to alleviate injuries sustained by employees in the course of their employment. We must therefore hold that under the facts and circumstances present in the instant case the employee was afforded "medical treatment" and therefore a workmen's compensation benefit. Such being the case, the employee had 245 weeks from the date of the injury within which to file with the commission her application for adjustment of claim based upon "a new and further disability."

The award is affirmed.

Doran, Acting P. J., and Bartlett, J. pro tem., concurred.

Petitioner's application for a hearing by the Supreme Court was denied July 15, 1948.