[No. 9,496. In Bank.—January 14, 1885.]

A. THOMPSON ET AL., APPELLANTS, v. WILLIAM SPRAIG, RESPONDENT.

PRACTICE—CROSS-COMPLAINT—DISMISSAL OF ACTION.—When a cross-complaint has been stricken from an answer, leaving therein matters of defense only, the plaintiff may dismiss the case at any time before the trial, on payment of costs.

APPEAL from an order of the Superior Court of the county of Amador, denying a motion to vacate and set aside a judgment.

Action to quiet title. The answer, in addition to various matters of defense, contained a cross-complaint, by which the defendant averred his ownership of a tract of land, which was a part of the land described in the complaint, and prayed that his title be adjudged by the court, and that a decree be entered in his favor. The cross-complaint was stricken out on motion. Subsequently, the plaintiff dismissed the action, and an entry of the dismissal was duly made by the clerk. Thereafter the case was called for trial in the absence of the counsel for the plaintiffs, and a judgment rendered in favor of the defendant, in accordance with the prayer of his cross-complaint. The plaintiffs afterwards moved to vacate and set aside the judgment, upon the ground that there was no action pending when the judgment was rendered. The motion was denied by the court.

*Eagon & Armstrong*, for Appellants.

*Rust & Caminetti*, for Respondent.

ROSS, J.—The cross-complaint having been stricken from the answer of the defendant, the latter pleading was left with matters of defense only. The plaintiffs were, therefore, at liberty to dismiss the action at any time before trial, upon payment of costs. (Code of Civil Procedure, § 581.) This they did—the dismissal having been entered by the clerk. The purported trial of the 5th of November, 1883, was therefore of an action which had been previously dismissed.

Order reversed and cause remanded, with directions to the court below to set aside the judgment.

McKEE, J., MYRICK, J., McKINSTRY, J., MORRISON, C. J., and SHARPSTEIN, J., concurred.