[L. A. No. 14259.  In Bank.—January 17, 1934.]

DAVID G. ARMSTRONG, Petitioner, v. THE INDUS-
TRIAL ACCIDENT COMMISSION and EDWARD A.
WELLENDORF, Respondents.

Elliott and Aberle, W. L. Baugh, Jr., and F. Britton McConnell for Petitioner.

Everett A. Corten and Arthur I. Townsend for Respondents.

THOMPSON, J.—By this proceeding in *certiorari*, it is sought to annul the award of the respondent commission, allowing Edward A. Wellendorf compensation for an industrial injury.

The controlling question is whether the claim is barred by section 11 (c) of the Workmen's Compensation, Insurance and Safety Act (Deering's Gen. Laws, 1931, p. 2285), which section reads as follows: *"The payment of compensation, or any part thereof,* or agreement therefor, shall have the effect of extending the period within which proceedings for its collection may be commenced, six months from the date of the agreement or last payment of such compensation, or any part thereof, or the expiration of the period covered by any such payment; provided, however, that nothing contained in this section shall be construed to bar the right of any injured employee to institute proceedings for the collection of compensation within two hundred forty-five weeks after the date of the injury upon the grounds that the original injury has caused new and further disability; and the jurisdiction of the commission in such cases shall be a continuing jurisdiction at all times within such period."

The facts essential to an understanding of the problem may be briefly stated as follows:

On November 11, 1931, the applicant, Edward A. Wellendorf, was working for the petitioner upon a circular power saw and, while so employed, his left hand came into contact with the teeth of the saw, and four distal phalanges were practically amputated, the stumps being jagged and lacerated. The injured man quit work at once and received medical attention, consisting of approximately fifteen treatments, ending about December 29, 1931. He returned to work February 11, 1932, for the same employer and at the same wages and, although conducting negotiations with his employer for a settlement (which were never concluded), he

did not file claim for compensation until October 18, 1932, more than a year after the injury and more than six months after medical attention was last furnished him by his employer. The commission, however, found that the claim for permanent disability was not barred by the period of limitations prescribed by the act and assign as their reason the fact that disability was computed on the basis of 25 per cent for the amputation and 5 per cent for limitation of motion or stiffness, which developed in the joints subsequent to the injury. ■ In other words, the respondent asserts that the applicant is brought within that provision of section 11 (c) above quoted which says, in effect, that nothing contained in the section "shall be construed to bar the right of any injured employee to institute proceedings for the collection of compensation within two hundred forty-five weeks after the date of the injury upon the grounds that the original injury has caused new and further disability; . . . '' We are in accord with this position. ■ In other words, the limitation of motion is not an injury *ab initio* such as is discussed in *Associated Oil Co.* v. *Industrial Acc. Com.,* 214 Cal. 358 [5 Pac. (2d) 420]. In *Henry Cowell Lime & Cement Co.* v. *Industrial Acc. Com.,* 211 Cal. 154, 162 [294 Pac. 703, 72 A. L. R. 1118], we said: " . . . [The] right to file a claim within 245 weeks is given only in case the injured employee sustains a new and further disability, and not necessarily for a permanent disability. It is only when there is a change in the condition of the original injury from a temporary to a permanent disability that a 'new and further disability' is established. Therefore, if the injury is permanent *ab initio* no such changed condition can ever take place.''

It is manifest in this case that limitation of motion could not be determined as of the date of the injury and would not develop for some considerable period of time thereafter. The respondent commission has impliedly found that it did not develop until some time after the original injury. ■ Such being the case and compensation for stiffness of the fingers being allowed, the respondent commission was authorized to grant compensation for all other disability. This is so by virtue of section 11 (a), and our holding in *Great Western Power Co.* v. *Industrial Acc. Com.,* 196 Cal. 593, 602 [238 Pac. 662], wherein we said: "The Workmen's

Compensation Act provides [sec. 17 (c)] that there shall be but one cause of action for each transaction coming within the provisions of the act. All claims brought for medical expense, disability payments, death benefits, burial expense, liens, or any other matter arising out of such transaction may, in the discretion of the commission, be joined in the same proceeding at any time. Going one step further, we see no reason why the legislature may not have intended to provide, in the proviso to section 11 (a), that when a claim for any portion of the benefits prescribed by the act has reached the point where it is necessary or expedient to submit the matter to the decision of the Industrial Accident Commission, the whole subject matter of the controversy, including the further claims of the applicant, or of any and all other persons, should be thereby submitted to the jurisdiction of the commission for a complete determination, provided, of course, that all claims relating to the transaction be presented within the life of the continuing jurisdiction of the commission. That, we conclude, was the legislative intent, and the effect of the proviso added to section 11 (a)." Also, in *Fogarty* v. *Department of Industrial Relations,* 206 Cal. 102 [273 Pac. 791], it was determined that the commission, having secured jurisdiction to pass upon a claim, was invested with jurisdiction to determine all claims, whether for accrued compensation or otherwise.

The petitioner asserts that there is no finding that the original injury has caused new and further disability. There is no merit in this contention, for the reason that there is, in the findings of the commission that the claim for temporary disability is barred by the provisions of the act and that the claim for permanent disability is not barred, an implied finding that the applicant has suffered a new and further disability.

For the reasons stated, therefore, the award should be affirmed.

It is so ordered.

Seawell, J., Shenk, J., Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.