[L. A. No. 15659. In Bank.—May 13, 1936.]

CONSOLIDATED STEEL CORPORATION, LTD. (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and RAY ROLDAN, Respondents.

. Loeb, Walker & Loeb for Petitioner.

Everett A. Corten and Emmet J. Seawell for Respondents.

THOMPSON, J.—The petitioner, Consolidated Steel Corporation, Ltd., which is self-insured under the Workmen's Compensation Act, initiated this proceeding in review to obtain an annulment of an award of the respondent commission imposing upon petitioner liability for further medical treatment of the applicant, Ray Roldan.

Roldan received injuries in the course of and arising out of his employment on September 4, 1930, among them an injury to his left little finger. He received medical and surgical treatment and was paid compensation until February 12, 1931, having returned to work some time in January of that year. On August 29, 1934, Roldan filed an application for adjustment of his claim for further medical attention and treatment.

██ The petitioner contends the claim is barred by section 11 of the act, not having been commenced within six months of the injury or of the last payment of compensation or benefits. The commission found Roldan was entitled to further treatment and to compensation during the periods of disability caused by or resulting from the treatment, thus impliedly finding that the claim was not barred by lapse of time due to the existence of a new and further disability (sec. 11, [c]). It is this finding which petitioner attacks as being unsupported.by the evidence.

It appears from the reports of the medical witnesses contained in the record, that the fractured litle finger of the left hand healed in a deformed shape and with a definite loss of function. Roldan was discharged from the hospital apparently with his finger in this condition when the period of disability caused by his other injuries had ceased. In August of 1931 Roldan sought further treatment and was examined by Dr. French of the Golden State Hospital, where he had been treated before, Dr. Herzikoff of Dr. French's staff, and Dr. Carey. An X-ray report was made by a Dr. Goin. It appears from the reports of Dr. Carey, which incorporate the X-ray findings, that there was considerable displacement and deformity of the little finger of the left hand due to the old fracture and a destruction of the distal head of the left fifth metacarpal bone which caused a tender prominence in the left palm. Dr. Carey recommended surgery to remove the deformity in the palm and to "prevent further destruction of the bone adjacent to the present destroyed joint". Dr. Her-

zikoff was of the opinion that plastic surgery would not greatly improve the situation, but agreed to attempt it in accordance with the suggestion of Dr. Carey. On the day appointed for the operation Roldan and Herzikoff disagreed and nothing was done. In October, 1934, Dr. Gillis examined Roldan and reported that there had been "no appreciable change since then (September, 1931), and evidently the same indications for operation are present now as were present at that time".

In *Armstrong* v. *Industrial Acc. Com.*, 219 Cal. 683 [28 Pac. (2d) 672], where the applicant had had an accident necessitating the amputation of part of several fingers, the limitation of motion which developed in the joints subsequent to the injury and amputation was held to be a new and further disability bringing him within subdivision (c) of section 11 so as to extend the period within which he might make application to 245 weeks after the date of injury. We think the same principle applies here. One doctor at least reported a progressive destruction of the bone occurring after the original fracture had healed. The mal-alignment and loss of function of the finger closely parallel the facts in the Armstrong case. In neither case was the extent of this functional disability determinable at the time of the original injury.

The implied finding of a new and further disability is sustained by the evidence. The award of the commission is therefore affirmed.

Shenk, J., Langdon, J., Curtis, J., Waste, C. J., and Conrey, J., concurred.