[Civ. No. 6970.   Third Dist.   Nov. 26, 1943.]

FRANK E. SULLIVAN et al., Respondents, v. R. D. COMP-
TON et al., Appellants.

Seth Millington for Appellants.

H. Ward Sheldon for Respondents.

PEEK, J.—This is an appeal by certain defendants from an order denying their motion to strike plaintiffs' dismissal, and for judgment on the pleadings.

The original action was one to quiet title to eleven mining claims located in Sierra County, known as the "Colombo-Bullion Mine." The complaint was in the usual form, and a *lis pendens* was duly filed. A general demurrer to the complaint was overruled, and by defendants' answer issues were joined except that defendants alleged a claim of interest in the property, and in support thereof pleaded in full certain written instruments and a deed alleged to show transfer of title from plaintiffs to defendants. The pendency of another action was alleged as a special defense. No cross-complaint or counterclaim was set forth in the answer. Defendants' answer concluded with the prayer "wherefore, said defendants pray that plaintiffs take nothing by said complaint and that they have judgment for their costs herein."

In his opening statement, plaintiffs' counsel indicated that they intended to attack the validity of the instruments under which defendants claimed title on the ground of nondelivery and the failure of defendants to perform certain conditions therein set forth. Defendants then moved for a judgment on the pleadings upon the ground that plaintiffs had not filed an affidavit, and served on them a copy thereof denying the execution and genuineness of the written instruments set forth in defendants' answer, as provided in section 448 of the Code of Civil Procedure. During a short recess to enable plaintiffs to examine the authorities cited by defendants in support of their motion, and before the court had disposed of the same, plaintiffs filed with the clerk of the court a dismissal of their action without prejudice. A short time later defendants, by a written motion moved to strike plaintiffs' dismissal from the record, and for judgment on the pleadings. The court, after submission thereof, made its order denying said motion, and it is from such order that defendants now appeal.

Defendants contend that it was error to deny their motion

for judgment on the pleadings in that plaintiffs by their failure to file an affidavit in accordance with the provisions of section 448 of the Code of Civil Procedure, thereby admitted the genuineness of the written instruments set forth in defendants' answer. They have alleged further error by the trial court in the denial of their motion to strike plaintiffs' dismissal from the records and files in the case.

Plaintiffs' right to dismiss, if such there was, is found in subdivision 1, section 581 of the Code of Civil Procedure, which provides in part, as follows:

"An action may be dismissed, or a judgment of nonsuit entered, in the following cases: 1. By the plaintiff, by written request to the clerk, filed with the papers in the case, or by oral or written request to the justice where there is no clerk, at any time before the trial, upon payment of the costs of the clerk or justice; *provided that a counterclaim has not been set up, or affirmative relief sought by the cross-complaint or answer of the defendant.*" (Italics ours.)

It is obvious from the wording of said section that the order of the trial court must be affirmed unless defendants have set up a counterclaim or have sought affirmative relief by cross-complaint or answer. In this regard defendants admit that neither a counterclaim nor cross-complaint has been alleged. Such admission leaves but one issue—was affirmative relief sought by defendants' answer? A determination of such question is likewise determinative of this appeal.

Although their answer admittedly contains no such affirmative allegations, defendants contend that the words "plaintiffs take nothing" as set forth in their prayer constitute, at least for all practical purposes, a request for affirmative relief in that a judgment in their favor in accordance with such prayer would operate as an estoppel against further action by plaintiffs. However, the question presented to this court is not what might be the practical effect of a judgment in their favor, but is as stated in the previous paragraph, did defendants by their answer specifically seek affirmative relief? That defendants may feel they would have received all the relief they desired by such answer is of no import, for such personal opinions are wholly immaterial to the determination of this appeal.

It is elementary to state that the nature of a pleading is to be determined by the contents, not by the designation given to it by counsel. But to argue, as appellants do, that by virtue of such rule the prayer that "plaintiffs take

nothing'' by their complaint is for all practical purposes a request for affirmative relief, is to carry the principle of liberal construction to a point of legal license. ▮ The rights of the parties under the provisions of section 581 of the Code of Civil Procedure must be measured by the pleadings as they stand, and such rights cannot be made to depend upon the litigants' personal opinion as to the practical effect of a judgment that might result after the case had been tried on its merits.

In substantiation of their argument defendants rely primarily upon the case of *Islais-Salinas Water Co.* v. *Allen,* 132 Cal. 432 [64 P. 713], wherein the court denied plaintiff's motion to dismiss a quiet title action. That case is obviously distinguishable from the questions here presented, for there the defendant alleged his ownership and specifically prayed for a decree that he was the owner in fee of the property and entitled to the possession thereof. The court stated the question to be ''whether a plaintiff in an action to quiet title to real estate is entitled to dismiss his action as against a defendant who has answered and put in issue all the plaintiff's material allegations, and also alleged the material facts entitling him to a decree quieting his title as against the plaintiff and added a prayer therefor.''

The court therein further held that ''. . . The commencement of the action, and the allegations of plaintiff's complaint, were an attack upon defendant's title to his property . . . It is therefore important to him to prevent a dismissal and compel a trial of the action; and this he may do by setting up his own title and right of possession, and praying that it be quieted as against the plaintiff who has asserted an adverse right . . .,'' and that ''there were affirmative allegations, which, if sustained by the evidence, entitled the defendant to affirmative relief, and such relief was demanded.''

In the instant case no affirmative relief is sought of the court. The allegations contained in the answer are purely defensive, and therefore, defendants limited themselves to a resistance of plaintiffs' claim.

It is undoubtedly because of this that defendants do not seriously contend they have sought specific affirmative relief by the allegations of their answer, but rather urge that their prayer which requests that ''plaintiffs take nothing'' cures what otherwise would be a fatal defect. ▮ Although the prayer is no part of the statement of the cause, it is true that in some cases resort may be had to it to determine ''whether

a pleading was intended to include any specific character of relief." (Bancroft's Code Plead., vol. 1, p. 35.) However, no comparable problem is presented by defendants' answer herein. Here defendants are endeavoring to seek affirmative relief through the sole agency of a negative prayer which in no way can be considered as amplification of the allegations of the answer.

In the case of *Hungarian Hill Gravel Mining Co.* v. *Moses,* 58 Cal. 168, a case not wholly unlike the present, the defendants therein denied that their estate in the property was void or without right; and alleged to the contrary that they "are the owners of, and in possession of, and entitled to the possession, use, and enjoyment of all the real estate described in plaintiff's complaint . . .," and prayed "that plaintiff take nothing by its action . . ." At the conclusion of the hearing the trial court found that the plaintiff was not the owner of the property, that the defendant was, and "that said defendant's title thereto is adjudged to be quieted against all claims . . .," and enjoined plaintiff from setting up any claim thereto. Upon appeal, the Supreme Court sent the case back with instructions to strike out of the decree the affirmative relief as "the answer . . . contained none of the elements of a cross-complaint, as distinguished from a defense to plaintiff's action, and contained no prayer for affirmative relief."

If the answer in the Hungarian Hill case contained none of the elements of a cross-complaint as distinguished from a defense to plaintiff's action and did not contain a prayer for "affirmative relief," then it cannot be said that comparable wording appearing in the answer now before this court on appeal constitutes either a cross-complaint or a request for affirmative relief. A negative prayer that "plaintiffs take nothing" cannot be construed to be a positive allegation that defendants take something. Such negation can mean only what it says; it cannot be a request for affirmative relief.

Since no affirmative relief was sought by the answer of the defendants (sec. 581, Code Civ. Proc.) the plaintiffs were therefore at liberty to dismiss the action at any time before trial, upon payment of costs. (*Thompson* v. *Spraig,* 66 Cal. 350 [5 P. 506].)

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.