[Civ. No. 15152. Second Dist., Div. Two. May 1, 1946.]

FURNESS PACIFIC, LTD. (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and SAM M. GEGA, Respondents.

R. P. Wisecarver for Petitioners.

R. C. McKellips and Fred G. Goldsworthy for Respondents.

WILSON, J.—Sufficient facts are set forth in the petition for a writ of review to enable the court to determine the only issue involved in this proceeding without the necessity of the filing of a return by respondents.

An employee of petitioners, Furness Pacific, Ltd., was injured on June 11, 1940. He filed his application for adjustment of his claim and on April 2, 1941, respondent commission entered its findings and award determining that the employee had suffered a temporary total disability. Thereafter further proceedings were had and additional orders were made by the commission which are not under review. On June 24, 1944, the employee filed his petition reciting that after the date of the last order of the commission he had become totally incapacitated and asked that he be allowed total disability rating and allowance. On January 11, 1945, a recommended permanent disability rating of 37½ per cent was made and the commission served notice that unless good cause were shown to the contrary the case would stand submitted seven days thereafter. The applicant objected to the report and requested a further hearing which was had on March 14, 1945. Petitioners then objected to further proceedings and to the taking of further evidence on the ground that the period of 245 weeks from the date of injury having expired on February 25, 1945, the jurisdiction of the commission had terminated. The commission disregarded the objections and on July 19, 1945, entered its order amending the previous findings and award and granting the applicant a permanent disability rating of 100 per cent.

The only question involved is whether the jurisdiction of the commission to make the award complained of expired

245 weeks after the date of the injury. (See Lab. Code, § 5804.) ▉ Where an injured employee seeks an award based on new and further disability in the nature of permanent disability caused by the original injury and not theretofore compensated for, the proceeding is within time if commenced within 245 weeks subsequent to the date of injury although the order is not made until after the expiration of such period. (*Gobel* v. *Industrial Acc. Com.*, 1 Cal.2d 100, 103 [33 P.2d 413] ; *Henry Cowell L. & C. Co.* v. *Industrial Acc. Com.*, 211 Cal. 154, 161 [294 P. 703, 72 A.L.R. 1118].) In the Cowell case it is held (p. 160) that "a permanent disability is a new and further disability" for which a claim may be made and compensation allowed notwithstanding an award for temporary disability had been allowed and paid, provided that *proceedings for the collection* on account of the permanent disability are *commenced* within 245 weeks after the date of the original injury. ·In the Gobel case the employee had been awarded compensation for temporary disability and within two days prior to the expiration of the 245-week period filed a petition for an award on the ground that the original injury had caused "new and further disability." The commission dismissed the petition on the ground that sufficient time did not remain to permit reasonable notice and hearing before the expiration of said period. The order was annulled. The Supreme Court held (p. 102) that the injured employee did not seek an amendment or modification of the original award, but that by his last petition he instituted a new and independent proceeding "for an award based on new and further disability in the nature of permanent disability caused ·by the original injury and not theretofore compensated for."

In the instant proceeding the commission did not alter or amend its former award (Lab. Code, § 5804) but made a new award for a disability for which compensation had not been previously allowed. Section 5410 of the Labor Code is the applicable provision and section 5404 is not.

The award is affirmed.

Moore, P. J., and McComb, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied June 27, 1946.