[Civ. No. 16657. First Dist., Div. One. Oct. 10, 1955.]

WESTVACO CHLORINE PRODUCTS CORPORATION (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and ANSEN R. JOHNSON, Respondents.

Bacigalupi, Elkus & Salinger, Stanley Burke and R. P. Wisecarver for Petitioner.

Leonard, Hanna & Brophy, Warren L. Hanna, Ivan A. Schwab, Edmund D. Leonard, Keith, Creede & Sedgwick, McFarland & Ferdon, Harry L. Kuchins, Jr., Mullen & Filippi, Kearney, Scott & Clopton and Robert M. Penny as Amici Curiae on behalf of Petitioner.

Everett A. Corten, Daniel C. Murphy and H. C. Kelsey for Respondents.

BRAY, J.—Petitioner seeks review and annulment of an order (by decision after reconsideration) of the commission awarding workmen's compensation benefits to respondent Johnson for "new and further disability."

#### QUESTIONS PRESENTED

1. Was the commission's order based on a petition and order on new and further disability made within five years of date of injury?
2. Did the commission have power to extend its jurisdiction beyond the five-year period?
3. Was there a new and further disability?

#### RECORD

March 25, 1946, injury date.

May 25, 1948, findings and award granting temporary disability, further medical treatment and fixing permanent disability at 36 per cent.

*November 14, 1949,* petition on new and further disability.

*June 5, 1950,* findings and award for new and further medical treatment. This included: "4. Applicant's condition is not stationary, and a Finding in respect to the nature and extent of disability, temporary or permanent, or both, is not being made at this time, and *jurisdiction is hereby reserved to re-determine said issue at a later date.*" (Emphasis added.) Johnson was awarded further medical treatment.

March 25, 1951, five years from date of injury ends.

April 9, 1953, petition on new and further disability and for medical expense and transportation expense—alleges that employer has ceased to supply medical treatment and Johnson continues to suffer stationary and permanent disability; asks that the findings and award "be amended" and for further relief as may be proper.

May 18, 1953, hearing. Johnson's counsel stated that the

issues as to disability were "new and further disability and recurrent temporary or permanent or both," but it was stipulated that the only issues were permanent disability, traveling and medical expense.

October 6, 1953, findings and award. "Petition on New and Further Disability and for Medical Expense and Transportation Expense having been filed herein," it was found that "Said injury caused no additional permanent disability." Johnson was awarded $490 for medical expense incurred. Thereafter Johnson petitioned for reconsideration, which was granted.

November 19, 1953. Various hearings and proceedings thereafter were had culminating on February 1, 1955, in the decision after reconsideration from which the appeal is taken. It stated: "3. The applicant filed a petition for new and further disability November 14, 1949 raising issues that remain undecided, and said petition was filed within the time provided by law and is not barred by the statute of limitations or otherwise. 4. This commission has jurisdiction to adjudicate said petition filed November 14, 1949. 5. The alleged pleading filed April 9, 1953, is not considered by this commission as a petition, but merely a request that the case be set for hearing." It then found that applicant had suffered a gradual increase in disability, that an operation was performed on applicant January 24, 1949, "resulting in a change in the condition and new and further disability." The same finding was made as to an operation on August 3, 1950. Applicant's disability was found to be 75¾ per cent. Award was made accordingly.

1. *Order.*

■ While the different statutes dealing with continuing jurisdiction of the Industrial Accident Commission have caused some difficulty in interpretation[1] it appears to us that the first question here is whether in its final award the commission was proceeding under the jurisdiction expressly reserved by it in its order of June 5, 1950, based on the petition on new and further disability of November 14, 1949, which petition was filed under the authority of section 5410, Labor Code,[2] or was, as claimed by petitioner here, either

---

[1] See Witkin, Summary of California Law (1950 Supp., p. 876, § 83); 1 Hanna, Law of Employee Injuries and Workmen's Compensation, p. 80.

[2] "§ 5410. Proceedings for new and further disability: Continuing jurisdiction: Limitation in § 5407 not extended. Nothing in this chapter shall bar the right of any injured employee to institute proceedings for the

based on the petition on new and further disability filed April 9, 1953, or was an attempt by the commission to alter or amend its award of May 25, 1948, under the power set forth in section 5803, Labor Code, but which power is expressly limited by section 5804.[3] Obviously, if the commission was attempting to act in either of the ways contended by petitioner, its final award was void. The petition of April 9, 1953, was barred by the provisions of section 5410 expressly limiting the time within which a petition for new and further disability may be filed to five years after the injury. If the commission were attempting to exercise under section 5803 a continuing jurisdiction to amend or alter an order, the order amending would be void because of the limitation of such power expressed in section 5804. (See *Broadway-Locust Co.* v. *Industrial Acc. Com.*, 92 Cal.App.2d 287 [206 P.2d 856], in which the very question raised here was considered, namely, was the action of the commission under section 5803 (altering or amending a previous order) or was it under section 5410 (new and further disability).)

The commission in its final order expressly stated that it was acting pursuant to the petition of November 14, 1949, and not pursuant to the later one. The record bears this out. In the order of June 5, 1950, the commission referred to the filing of the petition for new and further disability, found that applicant's condition was not stationary, and stated that it was making no finding at that time concerning the nature and extent of disability, temporary or permanent, or both, and was reserving jurisdiction to redetermine said issue at a later date. It never did redetermine that issue until the final award.

Petitioner contends that the reservation of jurisdiction made by the 1950 order was to amend or alter the order of 1948, and not to consider the question of new and further

---

collection of compensation within five years after the date of the injury upon the ground that the original injury has caused new and further disability. The jurisdiction of the commission in such cases shall be a continuing jurisdiction at all times within such period. This section does not extend the limitation provided in Section 5407."

[3] "§ 5804. Same: Time limit: Limitation on power of commission upon petition to reopen to find no employment. No award of compensation shall be rescinded, altered, or amended after five years from the date of the injury. Provided, however, that after an award has been made finding that there was employment and the time to petition for a rehearing or reconsideration or review has expired or such petition if made has been determined, the commission upon a petition to reopen shall not have the power to find that there was no employment.

disability. This contention is based primarily upon the fact that the commission did not at that time in so many words set aside the first order; thus, says petitioner, the commission did not intend to supersede it by a new order finding new and further disability, but merely to later determine whether the percentage of original disability should be changed. This contention is fallacious for two reasons: First, the order continuing jurisdiction was based upon a petition claiming new and further disability as to which it was the commission's duty sooner or later to determine that issue. The order must be construed in connection with the petition on which it was based. Secondly, the commission's action, while not expressly revoking the first order, had the effect of taking from it its final character. From then on there was no effective finding of permanent disability; in effect, the original finding was set aside. The commission, within the five-year period, is authorized by section 5803 "to review, grant or regrant, diminish, increase or terminate" and therefore could make a new order increasing or decreasing the percentage of permanent disability and the award therefor, and of course, if the commission, proceeding under section 5410, should find that there was new and further disability, it could then make an award therefor. This latter award could be made after the expiration of the five-year period, as the petition for it had been filed within that period.

2. *Jurisdiction.*

It is well settled that the commission has power to continue its jurisdiction to determine new and further disability beyond the five-year period, where application is made within that period. (*Gobel* v. *Industrial Acc. Com.,* 1 Cal.2d 100 [33 P.2d 413]; *Douglas Aircraft Co.* v. *Industrial Acc. Com.,* 31 Cal.2d 853 [193 P.2d 468]; *Broadway-Locust Co.* v. *Industrial Acc. Com., supra,* 92 Cal.App.2d 287; *Pacific Indem. Co.* v. *Industrial Acc. Com.,* 85 Cal.App.2d 490 [193 P.2d 117]; *Furness Pacific, Ltd.* v. *Industrial Acc. Com.,* 74 Cal.App.2d 324 [168 P.2d 761].

3. *New and Further Disability.*

This presents the most serious question of all. In our case the commission found, based upon medical testimony, that applicant suffered new and further disability as the result of two operations respectively, both had after the first order was made.

There are many cases in California upholding awards for

new and further disability where there were previous awards for temporary disability. (See *Henry Cowell Lime & Cement Co.* v. *Industrial Acc. Com.*, 211 Cal. 154 [294 P. 703, 72 A.L.R. 1118], and cases there cited.) We have not found any authority for the proposition that "new and further disability" as set forth in section 5410, Labor Code, can be considered *only* if no previous finding of and award for permanent disability has been made, other than some language in *Henry Cowell Lime & Cement Co.* v. *Industrial Acc. Com.*, *supra*, 211 Cal. 154, hereafter discussed. In *Gobel* v. *Industrial Acc. Com.*, *supra*, 1 Cal.2d 100, the court was not basing its decision that the petitioner had a right to petition for new and further disability on the fact that theretofore his award had *only* been for temporary disability, but on the fact that he was not seeking an amendment of the original award but rather was asking an award based on a "new and further disability." Actually the commission had theretofore denied his petition for permanent disability. Were the petitioner's contention here correct, then the court would not have held in the Gobel case that the petitioner was entitled to a hearing on his petition for new and further disability, for the reason that the previous order denying the petitioner permanent disability was still in full force and effect and that an order for new and further disability is not an order amending a previous order on the subject of permanent disability. It is a completely new order. (See *Furness Pacific, Ltd.* v. *Industrial Acc. Com.*, *supra*, 74 Cal.App.2d 324.) In *Hines* v. *Industrial Acc. Com.*, 215 Cal. 177 [8 P.2d 1021], an order of temporary disability was made. Thereafter an order and award fixing a permanent total disability rating was made. Later the employee petitioned for total permanent disability rating on the ground of new and further disability. The commission after a hearing denied this petition. The Supreme Court held that this denial was improper, annulled the order of denial and sent the case back to the commission for further hearing. While it used the language (p. 190) "It is well settled that, even though compensation for *temporary disability* has been allowed for an injury, the Commission, if said injury becomes a permanent disability, may grant compensation upon the ground of a new and further disability" (emphasis added), it actually dealt with a situation where there was in addition to the temporary disability order an order of permanent disability. The court quoted

from *Henry Cowell Lime & Cement Co.* v. *Industrial Acc. Com., supra,* 211 Cal. 154, 160: " 'Many times the seriousness of the injury is not at first apparent, and from its nature cannot be detected until considerable time has elapsed after its infliction. The clear intent of the statute in such cases is that the injured employee shall be entitled to compensation for his permanent disability notwithstanding the fact that he may in the early stages of his injury have been granted an award only for temporary disability, or may have been paid compensation voluntarily by his employer; provided, of course, that proceedings for the collection of such permanent disability shall have been commenced within 245 weeks after the date of the original injury.' " The court in the Cowell case was dealing with a situation where the employer had voluntarily paid compensation for temporary disability, and held that such voluntary payment, so far as an application for new and further disability is concerned, is the same as if the employee had received an award from the commission for temporary disability. The decision did use the language (p. 162) "It is only when there is a change in the condition of the original injury from a temporary to a permanent disability that a 'new and further disability' is established," but that language must be considered in view of the question before the court, which was whether the petition for new and further disability would lie in view of the fact that there had previously been no proceeding before the commission, and the petition was filed too late for consideration as a petition for permanent disability as distinguished from a petition for new and further disability. Immediately following the language quoted above appears this (p. 162): "Therefore, if the injury is permanent *ab initio* no such changed condition can ever take place." The court then holds that under the evidence the petitioner's disability was not permanent *ab initio* and therefore the petition for new and further disability would lie. The first quoted language is neither a true statement of the issues of the case nor is it supported by other authority and is completely at variance with the further statement in the case (p. 160): "Many times the seriousness of the injury is not at first apparent, and from its very nature cannot be detected until considerable time has elapsed after its infliction." See *Pacific Indem. Co.* v. *Industrial Acc. Com., supra,* 85 Cal.App.2d 490. The holding there concerning the prerequisite to a petition for new and further disability is broad enough to

meet the situation in our case. "The foregoing authorities hold, in effect, that before an employee can institute proceedings to recover for a new and further disability arising from the original injury, such employee must have been furnished benefits under the Workmen's Compensation Act, either voluntarily by the employer or pursuant to an award of the commission. Were it otherwise, an employee who had never reported his injury and never received any benefits, could invoke the jurisdiction of the commission upon the grounds of 'new and further disability' after the lapse of more than four years from the date of the original injury." (Pp. 494-495.)

If the true and exclusive meaning of section 5410 is that there can be no new and further disability application where there was a permanent disability award, then the employee here must be denied any increase in permanent disability over the percentage found in the first order, because the commission failed to amend that order within the five-year period and his present condition does not constitute "new and further disability" within the meaning of that section. But did the Legislature intend the section to have that limited meaning? It would seem that if it did, it would have been much simpler to have said something to the effect that when a temporary award has been made the injured employee may institute proceedings upon the ground that the original injury has caused further disability. In most instances where an injury has appeared to cause only temporary disability, and later it is found that it caused further disability, it is not, strictly speaking, a new disability, but merely a continuation of the temporary disability. Some significance must be given to the word "new," which is completely unnecessary if the section is to be interpreted as applying only to a change from temporary to permanent disability. If a *new* and further disability results, no matter whether the original award was only a temporary one or was a permanent one, the workman is entitled to consideration of this later condition. During the five-year period the commission could under section 5803 amend or alter its previous order, or could act under section 5410. After the five-year period, only section 5410 can be used, and then, only if a prior proceeding is filed under it.

While the Legislature used the expression "new and further disability" it is the fact that the disability is a *new* as well as a further one which permits the application of

section 5410 rather than that of section 5803. Here, the medical testimony as well as the finding of the commission was that each operation resulted in a change in the applicant's condition causing a *new* as well as a *further* disability.

■ Assuming, however, that "new and further disability" will not apply where there has been a previous order of permanent disability, nevertheless section 5410 applies here. The effect of the action of the commission on June 5, 1950, in finding that a determination of the "nature and extent of disability, temporary or permanent, or both" could not be made at that time, constituted, in effect, a setting aside of the original order fixing percentage of permanent disability, and left the applicant in the same situation as was the applicant in *Douglas Aircraft* v. *Industrial Acc. Com., supra*, 31 Cal.2d 853, where the court said: "This action [the failure to rule on Chaffee's petition for permanent disability] left Chaffee *without any decision* upon the issue of permanent disability presented by his petition filed well within the statutory period. . . . [T]he commission had failed to find on the issue of permanent disability, and *the question remained open and undetermined*. The award which followed the further hearing was the first decision of the commission upon that issue and was jurisdictionally justified by the rule of the Gobel case." (P. 855; emphasis added.) The latter rule is that the jurisdiction of the commission to consider an application for new and further disability extends beyond the five-year period, if filed within that period. In any event, the action of the commission in impliedly setting aside its original order left in existence no order of permanent disability which could bar the commission from considering the petition for new and further disability filed within the statutory period.

The award is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied November 9, 1955, and the application of petitioner for a hearing by the Supreme Court was denied December 8, 1955. Spence, J., was of the opinion that the petition should be granted.