[S. F. No. 19386. In Bank. May 1, 1956.]

BARBARA LEE SPRAGUE, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Johnson, Thorne, Speed & Bamford and Harry Bamford for Petitioner.

Everett A. Corten, Daniel C. Murphy, Leonard, Hanna & Brophy and Edmond G. Leonard for Respondents.

SPENCE, J.—Petitioner seeks annulment of an order of the respondent commission dismissing her "Petition for Increased Disability Rating," which order was made upon the ground of "want of jurisdiction."

Petitioner, a witness, was suffering from a preexisting, progressive "congenital defect in the fifth lumbar process associated with a spondylolisthesis," at the time that she fell to a sitting position on January 1, 1949. She did not immediately "notice any particular pain," and she continued her work until the following month. Since leaving her work, there has been a serious dispute as to whether her difficulties at any given time have resulted from her preexisting, progressive condition or the fall, or both. She was given a temporary disability award on February 27, 1950. That award was terminated on September 7, 1950, with a reservation of the issue of permanent disability for later determination. In 1951 her permanent disability rating was fixed by the commission at 31 per cent. No part of her disability was apportioned to her "pre-existing permanent disability," as the referee found no evidence of "work disability from the pre-existing physical defect." Reconsideration was granted but the award was confirmed on June 11, 1952. The referee's report upon which the commission acted stated: "Concerning the question of apportionment, whether this should or should not be done is a decision completely within the province of either the Referee or the Commission. This Referee feels that the disinclination or refusal of the Referee to apportion was proper." Petitioner thereafter filed in 1953 a "Petition for Further Medical Treatment," which was denied on July 27, 1954. The present "Petition for Increased Disability Rating" was filed on February 25, 1955, and was dismissed for lack of jurisdiction on March 15, 1955.

As the date of the injury was January 1, 1949, and as the "Petition for Increased Disability Rating" was not filed until February 25, 1955, being more than six years after the date of injury, we are of the opinion that the commission correctly determined that it was without jurisdiction to entertain said petition. (Lab. Code, §§ 5804, 5410.)

Petitioner seeks to avoid the jurisdictional limitations of the cited sections by pointing out that her "Petition for Increased Disability Rating" purports to refer to "the issue of increased permanent disability rating, as previously raised in applicant's last petition." She claims that her prior "Petition for Further Medical Treatment," filed within the five-year period, raised the issue that the original injury had caused "new and further disability" within the meaning of section 5410 of the Labor Code, and that the commission therefore had jurisdiction to hear and determine her petition for an increased permanent disability rating after the expiration of the five-year period. (*Douglas Aircraft Co.* v. *Industrial Acc. Com.*, 31 Cal.2d 853 [193 P.2d 468]; *Gobel* v. *Industrial Acc. Com.*, 1 Cal.2d 100 [33 P.2d 413]; *Westvaco etc. Corp.* v. *Industrial Acc. Com.*, 136 Cal.App.2d 60 [288 P.2d 300]; *Furness Pacific, Ltd.* v. *Industrial Acc. Com.*, 74 Cal.App.2d 324 [168 P.2d 761].) We are of the opinion, however, that the cited authorities do not sustain petitioner's position here.

Petitioner's prior petition was entitled "Petition for Further Medical Treatment," and it prayed only for an order requiring the furnishing of "further medical treatment." Said petition was denied in its entirety and without qualification by an order reading "Applicant's Petition for Further Medical Treatment, filed herein on November 24, 1953, is denied." It was not suggested upon the hearing of that petition that petitioner was seeking an increased permanent disability rating because of any "new and further disability." On the contrary, her counsel agreed at the time of the hearing that the "only question" was that of "need for further medical treatment." It appeared that petitioner had discontinued the use of a recommended support, and there was medical testimony showing that the use of a support was the only appropriate treatment. The testimony of one doctor, who had only recently examined petitioner and who advocated a spinal fusion, was rejected by the commission. Petitioner sought neither reconsideration nor judicial review, and the order of denial became final.

If there is merit in petitioner's contention that under a liberal construction of her "Petition for Further Medical Treatment," it might be treated as sufficient to raise the claim of a "new and further disability" by reason of a recital therein that she had "suffered from increased disability and pain," it is a conclusive answer that it was stipulated at the hearing that the only issue raised was the "need for further

medical treatment''; and that petitioner did not thereafter claim, by petition for reconsideration or for judicial review, that any issue that had been raised had been left undetermined. Under these circumstances petitioner cannot now consistently attribute to her prior petition the widest possible significance for jurisdictional purposes, and at the same time fail to give the unqualified denial of that petition the same significance for the same purposes.

Petitioner's cited authorities are readily distinguishable. In none of those cases had the petition, filed within the five-year period, been unqualifiedly denied by the commission after a hearing upon the merits. In *Gobel* v. *Industrial Acc. Com.*, *supra*, 1 Cal.2d 100, the petition was admittedly filed two days before the expiration of the prescribed time, and was thereafter dismissed without a hearing on the ground of lack of jurisdiction. It was there held that the commission had jurisdiction to determine the merits of the petition after the prescribed time, as the petition had been filed within the prescribed time. The same principle was applied in *Furness Pacific, Ltd.* v. *Industrial Acc. Com.*, *supra*, 74 Cal.App.2d 324. In *Douglas Aircraft Co.* v. *Industrial Acc. Com.*, *supra*, 31 Cal.2d 853, the commission stated, in making its prior award upon a petition timely filed, that ''Applicant's condition is not yet stationary and permanent, and jurisdiction is hereby reserved to determine extent of permanent disability . . . upon request of any party in interest.'' (P. 855.) In *Westvaco etc. Corp.* v. *Industrial Acc. Com.*, *supra*, 136 Cal. App.2d 60, the commission similarly stated in making its prior award, that ''Applicant's condition is not stationary, and a Finding in respect to the nature and extent of disability, temporary or permanent, or both, is not being made at this time, and jurisdiction is hereby reserved to re-determine said issue at a later date.'' (P. 61.) No comparable situation is presented by the record before us, as the only petition filed here within the prescribed time had been denied after a hearing on the merits, and the commission's unqualified order of denial had become final.

While the courts have properly given a liberal construction to the sections establishing jurisdictional limitations upon the power of the commission (Lab. Code, §§ 5804, 5410), we cannot hold here that any proceeding was left pending and undetermined before the commission after the time that the commission's unqualified order of denial of petitioner's prior petition became final. The ''Petition for Increased Disability

Rating'' must therefore be treated as an independent petition for that purpose, and as it was admittedly filed more than six years after the date of injury, the commission correctly determined that it had no jurisdiction to entertain said petition. (Lab. Code, § 5410.)

The order is affirmed.

Gibson, C. J., Traynor, J., Schauer, J., and McComb, J., concurred.

CARTER, J.—I dissent.

The holding of the majority here is a far cry from the liberal construction of the Workmen's Compensation Act made mandatory by its provisions (Lab. Code, § 3202).

It should be noted that the majority opinion in its statement of facts seeks to reargue an issue of fact which has been long since finally settled. Attention is called to the fact that Mrs. Sprague had a preexisting spinal defect and that there was a serious dispute as to whether her difficulties were caused by reason of her employment. Inasmuch as she had been awarded a permanent disability rating of 31 per cent, it appears certain that the commission found her disability to be employment connected. We have held in the past, and only just recently, that industry takes the employee as it finds him (except as provided for in section 4750 of the Labor Code; *Smith* v. *Industrial Acc. Com.*, 44 Cal.2d 364 [282 P.2d 64]; *Subsequent Injuries Fund* v. *Industrial Acc. Com.*, 44 Cal.2d 604 [283 P.2d 1039]) and that he is entitled to compensation for disability proximately caused by industrial injury regardless of whether the employee's condition at the time of injury was average or subnormal. (*Liberty Mut. Ins. Co.* v. *Industrial Acc. Com.*, 73 Cal.App.2d 555 [166 P.2d 908]; *Associated Indem. Corp.* v. *Industrial Acc. Com.*, 120 Cal.App.2d 423 [261 P.2d 25].) The majority opinon concedes that the commission here refused an apportionment under section 4750. Hence the question of Mrs. Sprague's preexisting ailment and its bearing on her present condition had been concluded prior to the petition under consideration here.

The rule is that the nature of a pleading will be determined from its allegations or averments regardless of the title it bears (*Standard Brands of Calif.* v. *Bryce*, 1 Cal.2d 718 [37 P.2d 446]; *Luckey* v. *Superior Court*, 209 Cal. 360, 365 [287 P. 450]; *Weber* v. *Superior Court*, 26 Cal.2d 144, 148

[156 P.2d 923]; *Sullivan* v. *Compton,* 61 Cal.App.2d 500, 502 [143 P.2d 357]; *Morgan* v. *Veach,* 59 Cal.App.2d 682, 692 [139 P.2d 976]; *Hutchason* v. *Marks,* 54 Cal.App.2d 113, 114 [128 P.2d 573]).

Mrs. Sprague sustained an industrial injury on January 1, 1949. On January 18, 1952, she was awarded further medical care and a permanent disability rating of 31 per cent. This award was confirmed following reconsideration on June 11, 1952. In November, 1953, petitioner filed a "Petition for Further Medical Treatment" in which she stated that she had "suffered from increased disability and pain." At the time of the hearing on May 12, 1954, there was no dispute that Mrs. Sprague's disability had substantially increased since the rating made in 1952 but there was a dispute concerning the treatment to be accorded her. Petitioner's orthopedic surgeon was of the opinion that a spinal fusion should be undertaken *prior to a re-evaluation of the case*; defendants' orthopedic surgeon was of the opinion that she should be accorded only palliative, conservative care. In an order dated July 15, 1954, it was ordered that "Applicant's Petition for *Further Medical Treatment,* filed herein November 24, 1953, is denied." (Emphasis added.) Some few months thereafter Mrs. Sprague requested a hearing on her petition for an increased disability rating "as previously raised in her last petition" which was denied on the ground that the commission lacked jurisdiction to proceed. The question is, therefore, whether the petition for further medical treatment filed within the time limited raised the issue of Mrs. Sprague's "new and further disability" within the meaning of section 5410 of the Labor Code. The majority holds that the issue was not raised, that the commission lost jurisdiction and that the matter of further disability could not be considered. I definitely do not agree with this holding.

It is well settled that the commission has power to determine new and further disability beyond the five-year period, where application is made within that period. (*Gobel* v. *Industrial Acc. Com.,* 1 Cal.2d 100 [33 P.2d 413]; *Douglas Aircraft Co.* v. *Industrial Acc. Com.,* 31 Cal.2d 853 [193 P.2d 468]; *Broadway-Locust Co.* v. *Industrial Acc. Com.,* 92 Cal. App.2d 287 [206 P.2d 856]; *Pacific Indem. Co.* v. *Industrial Acc. Com.,* 85 Cal.App.2d 490 [193 P.2d 117]; *Furness Pacific, Ltd.* v. *Industrial Acc. Com.,* 74 Cal.App.2d 324

420

[168 P.2d 761]; *Westvaco etc. Corp.* v. *Industrial Acc. Com.,* 136 Cal.App.2d 60 [288 P.2d 300].)

When in November, 1953, Mrs. Sprague petitioned for further medical treatment she raised the issue of the fact of her increased permanent disability—a fact *which was never disputed.* At the time of her petition, it was felt by her and her orthopedic surgeon that a certain type of surgery might relieve her condition and cure her disability. Any determination by the commission as to the issue of further disability could not be made until after it had been determined whether surgery would cure her disability. Once the commission determined that surgery was not the answer, then the issue of new and further disability remained for determination. It is this determination which the majority has concluded cannot be made, despite the fact that the only thing done by the commission was to deny Mrs. Sprague's request for "further medical treatment." After the denial of further medical treatment, Mrs. Sprague filed a "Petition for Increased Permanent Disability Rating" which reads as follows: "Comes now applicant, Barbara Lee Sprague, and respectfully requests that this matter be set down for hearing in San Jose, California, *on the issue of increased permanent disability rating, as previously raised in applicant's last petition,* and based upon the medical evidence adduced on the hearing on said petition, together with further testimony and medical evidence to be adduced herein." (Emphasis added.)

The majority states that it was stipulated at the hearing that the only issue raised was the "need for further medical treatment" but then states that "petitioner did not thereafter claim, by petition for reconsideration or for judicial review, that any issue that had been raised had been left undetermined." I have just pointed out how, after her request for further medical treatment was denied, petitioner requested an increased permanent disability rating *"as previously raised in applicant's last petition."* (Emphasis added.) The only issue before the commission was whether or not surgery would take care of Mrs. Sprague's admitted further disability—if it would not, then it was undenied that her increased disability was permanent. Thus it is clear that the issue of increased permanent disability was before the commission. It had to be before the commission, since, if the request for surgery were denied, the issue of the rating to be given her for increased

disability remained open and undecided. The request for further medical treatment was not determined until after the expiration of the five-year period, so Mrs. Sprague could not have petitioned for reconsideration or for judicial review or for an increased disability rating within the time limited since there was no way she could know what action the commission would take on her petition. Moreover, she was apparently willing to accept the determination of the commission that further medical treatment would not cure her disability.

In speaking of *Westvaco etc. Corp.* v. *Industrial Acc. Com.*, 136 Cal.App.2d 60 [288 P.2d 300], the majority opinion says: "No comparable situation is presented by the record before us, as the only petition filed here within the prescribed time had been denied after a hearing on the merits, and the commission's unqualified order of denial had become final." The finality of the order of the commission has nothing to do with the facts of this case since the only thing denied by the commission was further medical treatment for Mrs. Sprague and this denial took place after the expiration of the period allowed. Since the essence of the majority opinion is simply that since Mrs. Sprague did not specifically request an increased disability rating at the same time she made her request for medical treatment she is forever foreclosed from requesting an increase in her disability rating even though it is admitted by all that her disability has increased. It would appear that this is far short of the liberal construction made mandatory by the Labor Code so that the "purpose of extending . . . benefits for the protection of persons injured in the course of their employment" might be achieved. (Lab. Code, § 3202.) When technicalities are employed to deprive working men and women of the benefits to which they are entitled, substantial justice is not being accomplished.

I am of the opinion that the language used in *Westvaco etc. Corp.* v. *Industrial Acc. Com.*, 136 Cal.App.2d 60, 64 [288 P.2d 300], is applicable to the case at bar even though in the Westvaco case jurisdiction was expressly reserved. The court there said that the action of the commission "while not expressly revoking the first order, had the effect of taking from it its final character. From then on there was no effective finding of permanent disability; in effect, the original finding was set aside. . . . [I]f the commission, proceeding under section 5410, should find that there was new and further disability, it could then make an award therefor. This latter

award could be made after the expiration of the five-year period, as the petition for it had been filed within that period." The commission, in the case before us, had the request of Mrs. Sprague for increased disability before it, but determined *only* that further medical treatment would be of no avail and therefore denied *only* that request leaving open the matter of an increased disability rating. Mrs. Sprague's claim of increased disability was not denied—therefore, that question was one of law, and the stipulation mentioned in the majority opinion would have no effect any more than a stipulation agreeing to a court's jurisdiction when there was a total lack thereof.

In *Consolidated Steel Corp.* v. *Industrial Acc. Com.*, 6 Cal.2d 368, 369 [57 P.2d 919], a self-insured steel company sought to annul an award of the commission where the injured person had filed "an application for adjustment of his claim for further attention and treatment" after an injured finger had healed in a deformed shape with loss of function. The court there said, in answering the contention that the claim was barred by section 11 of the act "not having been commenced within six months of the injury or of the last payment of compensation or benefits" that the evidence showed such a new and further disability as to bring the injured person within "subdivision (c) of section 11 so as to extend the period within which we might make application to 245 weeks after the date of the injury." (See also *Armstrong* v. *Industrial Acc. Com.*, 219 Cal. 673 [28 P.2d 672].)

A fair and just interpretation of the record in this case is that in November, 1953, Mrs. Sprague filed a petition which embraced both a claim for further medical treatment and a further disability rating; that the commission heard only the issue relating to further medical treatment and denied this portion of the petition; that Mrs. Sprague thereafter on February 25, 1955, requested the commission to hear and determine the portion of her petition relating to increased permanent disability rating. There is no question and it is not disputed that Mrs. Sprague had suffered increased disability which she sought to have corrected by further medical treatment. There was a dispute as to whether further medical treatment was advisable and the commission denied her request for this relief, leaving her request for an increased permanent disability rating undisposed of.

The issue of increased permanent disability having been

raised prior to the expiration of the five-year period, the commission had jurisdiction to determine that issue.

I would therefore annul the order.

Shenk, J., concurred.

Petitioner's application for a rehearing was denied May 29, 1956. Shenk, J., and Carter, J., were of the opinion that the application should be granted.