[Civ. No. 11180. Third Dist. Feb. 4, 1966.]

ROYAL INDEMNITY COMPANY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and LON LARKIN CLUTTER, Respondents.

Hanna & Brophy and Floyd C. Carrico for Petitioner.

Everett Corten, Sheldon C. St. Clair, Charles Decker and Arlene N. Heath for Respondents.

PIERCE, P. J.—The only substantial question raised in these proceedings to review an award of the Industrial Accident Commission in favor of applicant is whether the provisions of subdivisions (b) and (c) of Labor Code section 5405[1] apply to bar the application. We hold that in unambiguous language they do. This is a case of first impression under the workmen's compensation provisions of the Labor Code but indistinguishable language of the original law (except for the time limits involved) has been interpreted by the California Supreme Court (*Henry Cowell Lime & Cement Co.* v. *Industrial Acc. Com.*, 211 Cal. 154, 162 [294 P. 703, 72 A.L.R. 1118]; *Associated Oil Co.* v. *Industrial Acc. Com.*, 214 Cal. 358, 360 [5 P.2d 420]; *Armstrong* v. *Industrial Acc. Com.*, 219 Cal. 673, 675, 676 [28 P.2d 672]), as we interpret section 5405, subdivisions (b) and (c), here in relation to section 5410.

On March 13, 1962, Lon Larkin Clutter, an employee of Myron A. Harris, suffered a back injury compensable under California's workmen's compensation law (Lab. Code, § 3201 et seq.) in a vehicle accident. The employer's immediate reaction to the accident was to fire Clutter and refuse him access to the ranch. Harris did, however, notify his compensation insurance carrier, Royal Indemnity Company, petitioner herein, and the latter voluntarily made disability payments for a period of several weeks and also paid some of Clutter's doctor's bills. When a fifth check was not received Clutter phoned to inquire as to the reason. A girl (described to be a receptionist) told him that on the doctor's advice no further benefits would be paid.

Clutter stated at the hearing he thought he had no recourse from this decision, and instead of seeking relief therefrom by application to the commission he turned to a career

---

[1] All section references herein are to the Labor Code.

of crime (passing bad checks) and became a fugitive from justice. On October 1, 1963, he was arrested, convicted and is still incarcerated in Folsom Prison.

On April 3, 1964, 23 months after receiving the last benefits from petitioner, he filed an application with the Industrial Accident Commission. A hearing was held. The referee's report, summarizing the testimony as to disability, shows only the original back injury, the infirmities from which had been continuous from the time of the accident. The report says: "He presently has pain between the shoulder blades. This has been present since the accident." During the whole period from date of injury to the present Clutter had been employed for only seven weeks at light work. Under "DISCUSSION" following the statement quoted above, it is said: "Applicant's claim for new and further disability is not barred by the statute of limitations. . . ." But it is also stated: "The evidence establishes that the applicant is presently disabled for work involving heavy lifting or repetitive bending and that this disability has persisted since the date of injury. *It is not yet permanent.*" (Italics added.) The findings also state, *"Permanent disability herein is not yet permanent."* (Italics added.) Benefits were awarded for temporary disability (at $25 per week) for the period from March 14, 1962, to September 30, 1963, less seven weeks worked, plus medical expense of $393.21, plus attorney's fees. Interest was also allowed.

The sections of the Labor Code relevant to the discussion herein are sections 5404, 5405, 5410, 5803-5805.

Section 5404 provides (in part material): "Unless compensation is paid within the time limited in this chapter for the institution of proceedings for its collection, the right to institute such proceedings is barred." The section then goes on to provide that when there is a *timely* filing of an application, the provisions of the chapter on "Limitations of Proceedings" (§§ 5400-5412) become inoperative and sections 5803-5805, inclusive (hereinafter to be discussed) govern.

Section 5405 provides that the period within which proceedings for disability payments, medical and hospital treatment must be commenced are one year from: (a) the date of injury; or (b) the expiration of any period covered by payment of disability payments; or (c) the date of last furnishing of any benefits for medical and hospital treatment.

Section 5410 provides (in part material): "Nothing in this chapter shall bar the right of any injured employee to insti-

tute proceedings for the collection of compensation within five years after the date of the injury upon the ground that the original injury has caused *new and further disability*. The jurisdiction of the commission in such cases shall be a continuing jurisdiction at all times within such period. . . ." (Italics added.) This section requires that an application must be filed for a "new and further disability" within five years from the date of injury, even though previous application has been filed and the commission has made an original order, award or decision.

In essence sections 5803-5805 (referred to, as noted, in § 5404) confer continuing jurisdiction to the commission over its orders, decisions and awards which, for good cause shown, the commission can "rescind, alter, or amend" or "review, grant or regrant, diminish, increase or terminate" (§ 5803) within five years from date of injury (§ 5804), such changes having the effect of the original order (§ 5805). But the changed orders, awards, etc., made under this section *must be preceded by an original order*. Otherwise, the commission can act only under section 5410, which, as shown above, is limited to cases where there has been a "new and further disability." (*United Air Lines, Inc.* v. *Industrial Acc. Com.,* 158 Cal.App.2d 294, 297 [322 P.2d 535].)

As we understand it, the contention of the commission is this: If it is true (under § 5404) that "unless compensation is paid within the time limited in this chapter for the institution of proceedings for its collection, the right to institute such proceedings is barred," then the Legislature must also have intended that the converse of that statement be true, and therefore whenever any compensation is voluntarily paid within the time limited in said chapter for the institution of proceedings for its collection, the right to institute such proceeding is *not* barred.

Proof of a statement does not, of course, always import the truth of the converse of that statement. Nevertheless, had the sections of the chapter on "Limitation of Proceedings" following section 5404 been silent on the matter, the argument of the commission would have weight.

But the statutes are not silent. On the contrary, the express wording of the very section following section 5404 precludes acceptance of the commission's argument. Section 5405 states in terms too clear to permit judicial interpretation that the voluntary commencement of compensation payments which are thereafter stopped *does not* equate with the

filing of an application to give the commission continuing jurisdiction. Section 5405 says that such stoppage starts the running of the period of limitations and that the commencement of proceedings is barred one year thereafter.

Section 5410 does not nullify the limiting provisions of section 5405. Section 5410 *does* give to the commission a "continuing jurisdiction" for the period between the date of the injury and five years thereafter *but only in the case of a "new and further disability."*

Sections 5404, 5405 and 5410 read together clearly contemplate (1) that an applicant must institute proceedings before the commission within one year after the date of the injury unless there has been voluntary payment of benefits, (2) that such voluntary payments will toll the statute of limitations during the continuation thereof but the period commences to run again upon the stoppage of such payments, (3) provided, however, that if there occurs a "new and further disability" arising from the original injury within five years from the date thereof, the employee may institute proceedings therefor and the commission has jurisdiction to hear, determine and make awards based upon, and limited to, such "new and further disability."

As petitioner argues, to accept the interpretation for which the commission contends, would require us to delete that which the Legislature has expressly intended and to repudiate that which the Legislature has commanded. We agree with petitioner's argument that we cannot do this. Subdivisions (b) and (c) of section 5405 state as clearly as language can that if an employer has started, then stopped, his payments, the applicant must file his application within one year after the stoppage, failing which his proceedings are barred. Courts cannot defy that command. (See 45 Cal.Jur. 2d 617, Statutes, § 103, and cases there collected.)

Nor do we suggest that the period of limitations as it has been written by the Legislature was inadvertent. Consider the implications of the adoption of the rule now urged by the commission. Under it the payment of even one installment of compensation—or even the giving of first aid (*Pacific Indem. Co.* v. *Industrial Acc. Com.*, 85 Cal.App.2d 490, 492 [193 P.2d 117])—or the payment of the smallest doctor's bill would, *ipso facto,* convert a one-year statute of limitations into a five-year statute. It is the policy of the law that compensable injuries be swiftly recognized and payments commenced, that medical care and hospitalization be speedily

furnished and claims settled without litigation. In fact it is the obligation of the employer (or his compensation carrier) so to accept prompt responsibility. (See Cal. Const., art. XX, § 21; 2 Hanna, The Law of Employee Injuries and Workmen's Compensation, Principles, p. 19; *Broadway-Locust Co.* v. *Industrial Acc. Com.*, 92 Cal.App.2d 287, 293 [206 P.2d 856].) There are penalties for unreasonable delay. (§ 5814.) (See Cont. Ed. of the Bar, California Workmen's Compensation Practice (1963) Benefits and Penalties, p. 521, § 16.58.) Yet, faced with the possibility of an exposure of claims deferred for half a decade, if so much as a nickel is paid out, how can claims departments of insurers be expected to act other than with overly extreme caution? And who, in the end, will suffer, the employer or the employee? These, it seems to us, are questions which the Legislature in considering a change of the law would approach with hesitancy but which this court is not called upon to answer.

Clutter states he was unaware of his right to challenge petitioner's decision to stop payments. If so, did he act reasonably? Workmen, as a class, must be aware by this time of their right to compensation for compensable injuries; must also be aware that *some* legal limitations of time exist within which claims must be asserted. When, knowing that disability continues, payments are stopped, there is no harshness in a law which requires employees to press their claim within a year thereafter.

 It is, of course, well settled that workmen's compensation laws are to be construed liberally to the end that the beneficent purposes thereof will not be lost to workmen. (*Colonial Ins. Co.* v. *Industrial Acc. Com.*, 27 Cal.2d 437, 439 [164 P.2d 490].)

Case law in California has been most liberal in construing the phrase "new and further disability" as used in section 5410 (and in the original act). In *Armstrong* v. *Industrial Acc. Com., supra,* (1934) 219 Cal. 673, it was construed to include permanent disability to the extent that such disability was in fact "new and further disability" and not merely a continuance of the original disability for which the claim had become barred. There the employee suffered the amputation of several fingers while using a power saw. He received medical attention for two months and went back to work after three months. For the original injury his employer accepted liability and paid compensation. Later a limitation of motion or stiffness developed in the employee's

joints. He did not file a claim for compensation therefor until more than a year after the injury and more than six months after medical attention had been last furnished. (At that time the law provided a basic period of limitation of six months from date of injury or stoppage of benefit payments and the period of filing for "new and further disability" was 245 weeks.) The commission found that the claim was not barred for the permanent disability which was to be deemed a "new and further disability." The court upheld the commission but only because, and to the extent that, permanent disability had resulted from a new development of the original injury. (The court cited earlier cases so holding: *Henry Cowell Lime & Cement Co.* v. *Industrial Acc. Com.*, *supra*, 211 Cal. at p. 162; *Associated Oil Co.* v. *Industrial Acc. Com.*, *supra*, 214 Cal. at p. 360.) The court stated (p. 676) : "[W]hen a claim for any portion of the benefits prescribed by the act has reached the point where it is necessary or expedient to submit the matter to the decision of the Industrial Accident Commission, the whole subject matter of the controversy . . . should be thereby submitted to the jurisdiction of the commission for a complete determination, *provided, of course, that all claims relating to the transaction be presented within the life of the continuing jurisdiction of the commission.*" (Italics added.)

The court further stated (p. 676) : "The petitioner asserts that there is no finding that the original injury has caused new and further disability. There is no merit in this contention, for the reason that there is, in the findings of the commission *that the claim for temporary disability is barred by the provisions of the act* and that the claim for permanent disability is not barred, an implied finding that the applicant has suffered a new and further disability." (Italics added.)

As stated above, there is in the case at bench an express finding by the commission that there is no permanent disability; that Clutter's claim was for disability continuing uninterruptedly from the original injury. We consider the statements in the *Armstrong* case emphasized above, interpreting the precodified statute indistinguishable from section 5405, to be direct authority for the rule we assert here. This interpretation has been reiterated. (*Colonial Ins. Co.* v. *Industrial Acc. Com.*, *supra*, 27 Cal.2d 437; *Broadway-Locust Co.* v. *Industrial Acc. Com.*, *supra*, 92 Cal.App.2d at p. 290; *Pacific Indem. Co.* v. *Industrial Acc. Com.*, *supra*, 85 Cal. App.2d 490; and see Cont. Ed. of the Bar, California Work-

men's Compensation Practice (1963) Limitation of Actions, p. 131, § 5.12.)

We hold that section 5405, subdivisions (b) and (c), apply to the case at bench.

Although estoppel is claimed, none was found, and obviously under the facts in the record none exists. An applicant cannot rely upon a statement that further payments will not be made to create an estoppel; neither can he rely upon the inhumane treatment by his employer in abruptly terminating his employment. Neither petitioner nor the employer said or did anything to mislead Clutter into his professed belief that petitioner's failure to continue payments precluded him from seeking relief through the commission.

The order must be reversed. It is proper to point out, however, that the commission has not lost jurisdiction over this applicant or his injury. This accident—the original injury—occurred on March 13, 1962. Should any "new and further disability" arising from that injury, as that phrase has been construed by this and other courts, occur within five years after that date, the commission will have jurisdiction to determine it.

The order is reversed.

Friedman, J., and Good, J. pro tem.,* concurred.

Respondents' petitions for a hearing by the Supreme Court were denied March 30, 1966.

---

*Assigned by the Chairman of the Judicial Council.